## CESARIO BIAS v. GEORGE W. COCKRUM.

DEED: PRINCIPAL AND AGENT: AGENT'S AUTHORITY PRESUMED FROM HAVING POSSESSION UNDER DEED.—Proof that the vendee went into possession soon after the making of the deed, which appears on its face to have been executed by an agent, and that he held possession for twenty years; and that the principal received the purchase-money is sufficient to show that the agent had proper authority to make the deed. See *Hughes* v. *Wilkinson's Lessee, ante* 482.

ERROR to the Circuit Court of De Soto county. Hon. J. W. Thompson, judge.

This was an action of ejectment to recover a tract of land in De Soto county. The defendant relied upon a deed purporting on its face to be executed by Thos. Hunt, by his attorney in fact John H. Morgan, to William Parks and —— Graham. When the defendant offered the deed in evidence, it was objected to, because the power of attorney to Morgan was not shown. The evidence then offered for and against the proposition that Morgan was duly authorized to execute the deed is fully set out in the opinion of the court, except the testimony of Morgan, which is as follows:—

That some years ago, after a controversy had arisen in reference

to the title of the land, he was called on to investigate it. Witness went with William Park to John Park's office, and he there found the deed which witness desired to see, William Park being the person to whom witness had sold the land, and being also engaged in investigating the title; the witness and said William got into a conversation in relation to the deed witness had made him and Graham, and the notice of witness's authority from Hunt to sell; witness and said William Park agreed in their recollections as to the nature of that authority, and William Park remarked that he recollected very distinctly that it was the understanding at the time the deed was executed by witness, that he took it as it was, with the understanding that Hunt was to make it satisfactory to him; witness then asked Park if Hunt had ever fixed it; he replied that he did not recollect, but thought not; we then searched for the ratification of Hunt, and could not find it.

The verdict was for the defendant, and the plaintiff moved for a new trial, which was refused, and he excepted, and sued out this writ of error.

*T. J. Wharton* and *White* and *Chalmers* for plaintiff in error.

The court below erred, we insist, in admitting in evidence, on behalf of appellee, the deed from Thomas Hunt, executed by Morgan, pretending to act as his agent, to Park and Graham. The error of that ruling arises from the fact, that the power of attorney from Hunt to Morgan was not under seal. The record is a very voluminous one, but very little is reserved for review in this court.

That the action above referred to was erroneous, we cite 3 Ph. Ev. (4th and last Am. ed.) 459. Where the doctrine is thus laid down in the text: "The execution of a deed by an agent must be in the name of the principal, and the authority of the agent must be under seal. An authority under seal is likewise necessary to be produced where one party has executed a deed for himself and his copartners." The author cites in support of the doctrine of the text *Harrison* v. *Jackson,* 7 T. R. 207; *Striglitz* v. *Eggerton,* Holt's C. 141; *Hanford* v. *McNair,* 9 Wend. 54; *Hart* v. *Withers,* 1 Penna. R. 285; *Bloodgood* v. *McKay,* 9 John. R. 285; *McBride* v. *Hogan,* 1 Wend. R. 326; *Fichthorn* v. *Boyer,* 5 Watt. 159.

Other objections might be urged to the judgment and proceed-

ings of the court below, but the above is deemed sufficient for a reversal.

*W. F. Dowd*, for defendant in error,

Insisted that the evidence was amply sufficient to show the authority of Morgan to execute the deed; and, moreover, that possession having been held under the deed for more than twenty years, the Statute of Limitations had vested a good title in the defendants.

*Vance* and *Anderson*, on same side,
Cited *Jackson* v. *Neely*, 10 John. R. 374.

HANDY, J., delivered the opinion of the court.

The only question presented in this case is, the propriety of the ruling of the court, in admitting in evidence the deed offered by the defendant, purporting on its face to be executed by Thomas Hunt by his attorney in fact, John H. Morgan.

The objection taken in the court below to the admission of this deed and here insisted upon, is, that the power of attorney which conferred the authority to execute it, was not produced, and is not shown to have ever been in existence. For the purpose of obviating this objection, it was first proved that the power of attorney could not be found after diligent search, and was not in the possession of the person who had all the other title papers connected with the title to the land which was conveyed by that deed. It was further in evidence, that Morgan—who, subsequently to the execution of the deed, acted as agent of the plaintiff in having the land sold at sheriff's sale, in opposition to the title conveyed by the deed—admitted that the power of attorney was in existence, but that it had never been put on record. But it still further appears, by the certificate of the justices who took the acknowledgment to the deed, that the power of attorney was then exhibited to them; for it states the appearance before them of Thomas Hunt, through his attorney in fact, John H. Morgan, and adds, "his power of attorney appearing valid." In addition to this, the testimony of the two justices was read, tending in the clearest manner to show that the instrument was produced before them. They both state, that they never would have made this recital in the acknowledg-

ment, unless the power of attorney had been produced and examined by them; and Lucas, one of them, states, in corroboration of that fact, that he believed that Graham, one of the grantees in the deed, looked to him to see that the conveyance was a valid one; and hence, the requirement of the production of the power, and the recital in relation to it.

This testimony very clearly establishes the existence and due execution of the power of attorney at the date of the deed.

But the testimony of William Parks, one of the grantees, is relied on to establish the contrary of this. That witness testified, that he was present when the deed was executed, and objection was made to the sufficiency of his authority; and that witness thinks that his authority to sell consisted in a letter from Hunt to him. This testimony, and that of Morgan, tend somewhat to weaken the testimony offered to show that a valid power of attorney was in existence when the deed was executed, as above stated; but it does not destroy it; and the evidence upon the point appears to preponderate in favor of the existence of a legal power at that time.

But upon another ground, the deed, together with the evidence tending to show its execution under proper authority, was properly admitted in evidence.

It appears that Hunt received the benefit of the purchase-money for which the deed was executed, and that possession of the premises was delivered to the grantees upon the execution of the deed, in the year 1837, and has been held by them, and by those claiming under them, ever since. This was sufficient to warrant the jury in presuming that the deed was executed under valid authority, or that the sale was acquiesced in, so as to conclude Hunt from setting up any title to the land; and in this point of view, the evidence was clearly competent, and fully sustains the verdict. *Hughes* v. *Wilkinson's Lessee*, decided at October term, 1857, and not yet reported.

Judgment affirmed.

NOTE.—See *Hughes* v. *Wilkinson's Lessee*, ante, 482.