*[Ex·parte* Bromberg.]

# *Ex parte* Bromberg.

## Application for Mandamus.

1. *Resident administrators are not required to give surety for costs.*—The section of the Code, § 1348, which requires that all suits by or for the use of non-residents must be dismissed unless surety for costs is given, does not apply to a suit brought by a resident administrator although the intestate was a non-resident at the time of his death, and all the distributees of his estate are non-residents.

This is an application to the Supreme Court for mandamus. The petition states that suit is pending against the petitioner in the circuit court of Mobile county brought by R. M. Sands as the administrator of John

Mardin; that the deceased at the time of his death was a non-resident of Alabama and that all the distributees of his estate are non-residents, and that the estate is not indebted in this State; that petitioner moved the circuit court to require the plaintiff to give surety for costs, and the motion was refused.

CHAS. L. BROMBERG, JR., for petitioner.—Where a non-resident dies outside of the State, no jurisdiction over his estate can be acquired by a probate court of this State—there being no assets of the decedent in this State —by the mere fact of a grant by it of letters of administration upon his estate. If a probate court grants such letters the action of the court is void and may be assailed collaterally.—*Bradley v. Broughton,* 34 Ala. 707; *Miller v. Jones,* 26 Ala. 247; *Gray v. Cruise,* 36 Ala. 262; *Coltatr v. Allen,* 40 Ala. 157; *Hatchet v. Billingslea,* 65 Ala. 16; *Burnette v. Nesmith,* 62 Ala. 261; *Barclift v. Treece,* 77 Ala. 528.

SHARPE, J.—The petitioner bases his right to *mandamus* upon section 1347 of the Code which requires that "all suits at law or in equity commenced by or for the use of a non-resident of this State must be dismissed on motion if security for costs be not given by such non-resident when the suit is commenced or within such time thereafter as the court may direct."

The meaning of the provision, in respect of the kind of suits mentioned as suits commenced "for the use of a non-resident," and likewise the reason for requiring security for costs in such cases, is found by reference to section 29 of the Code, whereby "In all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered as the sole party on the record," together with section 1330 of the Code which requires that "When judgment is rendered against the plaintiff in any suit brought in the name of a nominal plaintiff for the use of another, judgment for costs must be rendered against the beneficiary or his personal representative."

The statute having thus changed the common law rule and established the use plaintiffs' relation to the suit as

that of a principal party, and having placed him upon the same footing with other plaintiffs in reference to his liability for costs, the same necessity existed for requiring him to secure costs when residing out of the jurisdiction as existed in the case of other non-resident plaintiffs.

It is apparent that the requirement in question has reference only to those suits which are brought *pro forma* by a nominal plaintiff in behalf of a non-resident for whose benefit the recovery if any directly enures, and who may become directly liable for costs, and not to the case of a resident administrator suing to recover assets of the estate he represents though the decedent may have been a non-resident and the distributees of the estate may reside out of the State. In such a suit the administrator is the actual and the only plaintiff. In his representative capacity he is entitled to recover whatever may be recovered and in his hands it is subject to legal charges before it can be claimed by distributees of the estate.

Though the distributees may have a beneficial interest to be obtained through the process of administration they are in no sense parties to suits brought by the administrator to recover assets of the estate. Nor is such a suit brought for their use within the meaning of the statute referred to. The application for *mandamus* must therefore be denied.