ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error*, v. T. M. WEIR, *Defendant in Error*.

ON REHEARING.

PER CURIAM.—Even if the plaintiff was a trespasser upon the public highway in operating thereon an unlicensed motor vehicle, the statute quoted in the opinion makes the defendant railroad company "liable for any

damage done to ——————— property, by the running of the locomotives, or cars, or other machinery of such company, ——————— unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." See Butler v. Southern Ry. Co., 63 Fla. ——, 58 South. Rep. 225.

On this record it cannot be said as matter of law that the defendant did exercise all ordinary care and diligence to prevent the injury to the plaintiff's automobile; and as it was apparent that the damages were not apportioned as required by the statute, the judgment was reversed. If on proper proceedings it be shown that the defendant did exercise all ordinary and reasonable care and diligence required by the circumstances of the case, there can under the statute be no recovery. If negligence of both parties appears the statute requires that "the damages shall be diminished or increased by the jury in proportion to the amount of de fault attributable to" the plaintiff.

Rehearing denied.