# Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co.

## Damages to Automobile by Collision.

(Decided November 18, 1913. Rehearing denied December 18, 1913. 64 South. 44.)

1. *Parties; Nominal Parties; Joinder by Amendment.*—Construing sections 2490 and 3667, Code 1907, it is held that where an insurance company which had paid a claim for injuries to an automobile in a collision with a street car, brought suit against the street car company in its own name, it had an absolute right to amend the complaint by joining the name of the owner of the machine as a nominal party plaintiff, and to proceed with the case as if the suit had been originally brought by such owner for the use of the insurance company.

2. *Street Railways; Collisions; Automobile; Registration.*—It was immaterial whether the automobile was or .was not registered in compliance with the criminal laws of the state, in an action for injuries to the automobile caused by a collision with a street car.

3. *Same; Pleading; Subsequent Negligence.*—Where defendant alleged by plea that the driver of the automobile was negligent in that with knowledge that the street car was approaching and that it was likely or probable that the automobile could not get out of the way, he nevertheless negligently continued to drive at a high rate of speed in the direction of the car, and as a result a collision occurred, resulting in the damage complained of, such plea was good as a plea of plaintiff's continuing negligence, and was a complete answer to counts of the complaint basing a recovery upon the subsequent negligence of defendant.

4. *Negligence; Concurring Negligence; Proximate Cause.*—While the ruling is that where a defendant, whose negligence, subsequent to the negligence of plaintiff, causes an injury, relies on the concurring negligence of plaintiff, he must show that plaintiff was conscious of his danger and continued his negligence until it was too late for defendant to avoid injury, yet the rule is not applicable where the negligence of the person injured and the negligence of defendant continue to be concurrent up to the very time of the injury.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by the Aetna Accident & Liability Company against the Birmingham Railway, Light & Power Company, for damages to an automobile. Judgment for

plaintiff, and defendant appeals. Reversed and remanded.

The complaint originally was in the name of the Aetna Accident & Liability Company, a corporation, and alleges that the Corey Highland Land Company owned an automobile which was insured by plaintiff, and, while operating it along the streets of Birmingham, it was negligently run into or against by a street car of the defendant company, and badly broken and injured. The complaint further alleges that the land company proved its loss in the sum amounting to $1,500, which was paid to it by the plaintiff, which it was compelled to do under its policy, and that subsequently thereto, but previous to the institution of this suit, the said land company assigned to this plaintiff such right of action as accrued to it by reason of the aforesaid negligence, and such right of action by virtue of said assignment, as well as by subrogation, is now the property of the plaintiff. The complaint was afterwards amended as set out in the opinion.

Plea 5 is as follows: "Defendant says that the driver of said automobile, at the time and place complained of, was guilty of negligence which proximately contributed to the alleged damage to said automobile, which negligence consisted in this: Said driver of said automobile with knowledge that defendant's car was approaching on said street car track, and that it was probable or likely that the said automobile he was driving down defendant's said track could not likely mount the rails of the said track and get out of the way of danger from being struck by said car then and there approaching, nevertheless he negligently continued to drive said automobile down said track at a high rate of speed in the direction of the said car, which was approaching, meeting said car, and as a proximate consequence of the

said negligence of said driver of said car, said car collided with said automobile, causing the damage complained of."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The action is in tort and plaintiff was without right to sue in its own name, as the action was not assignable.—See authorities afterwards cited. While section 5159 would seem to give plaintiff this right, this section must be held to be unconstitutional.— Secs. 10, 13 and 240, Constitution 1901; *S. & N. Ala. R. R. Co. v. Morris,* 65 Ala. 197; *Smith v. L. & N.,* 75 Ala 449; *Home Protection v. Wilson,* 74 Ala. 466. Previous to the enactment of this section, the insurance company was without right to sue in its own name.—*So. Ry. v. Stonewall I. Co.,* 163 Ala. 161. The insurance company being subrogated to the rights of the insured, its rights are equitable, and hence, has not the legal right to sue in its own name.—*So. Ry. v. Stonewall I. Co., supra; Home Co. v. Oregon Co.,* 23 Am. St. Rep. 151; *Smith v. Harrison,* 33 Ala. 706; 19 Cyc. 897, and authorities there cited; 4 Cooley's Briefs, 3926, et seq. The court erred in sustaining demurrers to the plea setting up that the automobile was not registered.—Sec. 6322, 6327, Code 1907; Berry's Law of Automobiles, sec. 183; 14 L. R. A. (N. S.) 816; 23 L. R. A. (N. S.) 561; 19 N. E. 306; 74 Atl. 892. The court erred in sustaining demurrers to pleas 3, 4 and 5, as answers to count 3.—*Johnson v. B. R. L. & P. Co.,* 149 Ala. 529; *McWhorter's Case,* 156 Ala. 269; *Blackman's Case,* 169 Ala. 304. The excerpt from the court's oral charge as objected to was error.—Authorities supra. Charge 6 should have been given.— *Glass Case,* 94 Ala. 581; *Montgomery's Case,* 97 Ala. 305; *Jones' Case,* 153 Ala. 157. Counsel discuss assignments of error relative to evidence, but without citation of au-

thority. The argument of counsel was improper, and the injury was not cured by the methods adopted by the court in excluding it.—*B. R. L. & P. Co. v. Drennen,* 57 South. 876; *B. R. L. & P. Co. v. Gonzales,* 61 South. 80, and authorities there cited.

ALLEN & BELL, and W. H. SADLER, JR., for appellee. The question as to constitutionality of section 5159, Code 1907, was not raised in the court below, and hence, will not be considered here. The registration of the automobile was immaterial.—*A. G. S. v. McAlpine,* 71 Ala. 545; Cooley on Torts, 155; Wharton on Negligence, secs. 331 and 995; *Ensley Merc. Co. v. Otwell,* 142 Ala. 575; 82 Conn. 61; 74 Atl. 892. The court was not in error in sustaining demurrers to the pleas of subsequent and con-curring negligence.—*Wilson v. L. & N.,* 146 Ala. 385. Charge 6 was properly refused.—*B. & A. Ry. v. Morris,* 59 South. 66. Counsel discuss other assignments of error, but without citation of authority. On rehearing, counsel insist that the court was in error in its holding on the pleas, and they cite in addition to the authorities above cited.—*Holland v. T. C. & I. R. R. Co.,* 91 Ala. 444; 36 Atl. 242; 210 Mass. 63. They insist that the line of cases holding that a person who acts on the impulse of the moment in case of sudden danger are applicable to the facts of this case.—114 Ala. 243; 128 Ala. 320; 67 Ala. 533.

DE GRAFFENRIED, J.—The Corey Highland Land Company, a corporation, owned an automobile which it had insured with the Aetna Accident & Liability Company against loss or damages suffered in collisions. The automobile collided with a car of the Birmingham Railway, Light and Power Company, and was damaged. The insurance company paid *all* the damages suffered

by the owner of the automobile on account of such collision, and the insurance company, claiming that the collision was due to the actionable negligence of the Birmingham Railway, Light & Power Company or of its agents or servants while acting in the line or scope of their employment, brought this suit, *not* in the name of the owner of the automobile, but in its *own* name, to recover the sum which it had paid out on account of such injury to such automobile.

1.   Section 2490 of the Code of 1907 provides that "in all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary *must* be considered as the *sole* party on the record."

Section 3667 of the Code of 1907 provides that "when judgment is rendered against the plaintiff, in any suit brought in the name of a nominal plaintiff for the use of another, judgment for costs *must* be rendered against the *beneficiary,* or his *personal representative."*

The above provisions of our present Code, in which we have supplied the italics, were referred to by this court in *Ex parte Bromberg,* 121 Ala. 361, 25 South. 994.   In that case this court said:   "The statute having thus changed the common-law rule and established the use of plaintiff's relation to the suit as that of a principal party, and having placed him upon the same footing with other plaintiffs in reference to his liability for costs, the same necessity existed for requiring him to secure costs when residing out of the jurisdiction as existed in the case of other nonresident plaintiffs."   Indeed, since the passage of the above-quoted statute the *nominal* plaintiff has in reality not been a party to the record; his presence in the record being purely pro forma.—*Ex parte Bromberg, supra.*

In the instant case the complaint and each count of it, when fairly construed, shows that the Aetna Accident & Liability Company is the only party who lost anything by reason of the injury to the automobile, and that any recovery which may be had in this case must be for the exclusive benefit of said accident company. This being true, the said accident company has a right to amend its complaint by adding to the complaint, as the nominal plaintiff, the name of the Corey Highland Land Company, and proceed with the cause just as if the suit had been originally brought by the Corey Highland Land Company for the use of said accident company.

As the judgment in this case must be reversed, for reasons set out below, and as the plaintiff has, *as a matter of course,* the right to make the above amendment, it is unnecessary for us to discuss in this opinion, the question as to whether the accident company had the right, *in its own name,* to bring this suit, for the wrongs alleged in the complaint, against the defendant.—*Southern Ry. Co. v. Stonewall Ins. Co.,* 177 Ala. 327, 58 South. 313.

It matters not to the defendant whether the automobile was or was not registered in compliance with the laws of the state, which require all automobiles to be registered. If the automobile was not registered, the owner thereof may be guilty of a violation of one of the criminal laws of the state, but that fact in no way affected the general duty, which the defendant owes to the law, to so operate its cars as not to negligently injure the person or property of any person. The mere fact, if it be a fact, that the automobile was not registered had no causal connection whatever with the injury of which the plaintiff complains, and that fact, if it be a fact, in no way contributed to the injury to the automobile.—*A. G.*

[Birmingham Ry., L. & P. Co. v. Aetna Accident & Liability Co.]

*S. R. R. Co. v. McAlpine,* 71 Ala. 545; *Atlantic C. L. Ry. v. Weir,* 63 Fla. 74, 58 South. 641, 41 L. R. A. (N. S.) 307; *Wilson v. L. & N. R. R Co.,* 146 Ala. 285, 40 South. 941, 8 L. R. A. (N S) 987.

Counsel for appellant—defendant in the court below —refer us to the case of *Dudley v. Northampton Street Railway Co.,* 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561, in which a conclusion contrary to the above was reached; but, in our opinion, the true rule in such cases was laid down by this court in *A. G. S. R. R. Co. v. McAlpine, supra,* and in the splendid opinion which was written for the Supreme Court of Florida by Whitfield, C. J., in *Atlantic C. L. Ry. v. Weir, supra.*

3. In the case of *Central of Georgia Railway Co. v. Blackmon,* 169 Ala. 304, 53 South. 805, this court said: "The rule as laid down by this court, as in other jurisdictions, including England, is that while the plaintiff's intestate's negligence in being on the track would defeat a recovery for initial or antecedent negligence, yet he could recover if defendant's servants, in charge of the train, became aware of the intestate's peril in time to avoid running over him by the proper use of preventive means, * * * to conserve his safety, *provided the intestate himself was free from negligence after becoming conscious of his danger.*"

When the defendant, whose negligence, committed *subsequent to* an act of negligence of the plaintiff, causes an injury, *relies* upon the *concurring* negligence of the plaintiff to defeat the plaintiff's right of recovery, the defendant must show that the negligent plaintiff was conscious of his danger, and after being so conscious of his danger, *continued in his negligence* until it was too late for the defendant to prevent the injury. If the plaintiff *desists* in his act of negligence *in time* for the defendant, by the use of reasonable preventive meas-

ures, to prevent the injury, and the defendant, *knowing* or being in a position where he should, by the exercise of ordinary care, know of the plaintiff's peril, fails to use such reasonable preventive measures, and by reason of such failure the plaintiff is injured, then in such a case the defendant is liable. In other words, when *subsequent negligence* is relied upon by a plaintiff, and the evidence shows that the negligence of the plaintiff, *after he became aware of his peril,* continued to the *last moment* and *contributed* to his injury as a *proximate* cause, such negligence of the plaintiff precludes recovery on his part, although the defendant's negligence operates up to the same moment.—*Butler v. Rockland, Thomason & Camden Street Railway Co.,* 99 Me. 149, 58 Atl. 775, 105 Am. St. Rep. 267.

"This rule [of liability for *subsequent* negligence] has no application where the negligence of the person injured and of defendant are concurrent, each of which at the very time when the accident occurs contributes to it."—29 Cyc. 531. The quoted rule from "Cyc." applies, in this state, only when the plaintiff is conscious of his peril.—*Central of Georgia Railway Co. v. Blackmon, supra.*

It seems to us that plea 5, which the reporter will set out, tested by the above well-known rules, is good as a plea setting up the continuing negligence of the plaintiff, and if all of the facts set up in it are true, then that it is an answer to the counts of the complaint setting up the subsequent negligence of the defendant as the basis of the plaintiff's right to recover. If it be true, as is alleged in the plea, that the driver of the automobile *knew* that the defendant's car was approaching, and that he could not probably get his car off the track and thus get out of the way of the approaching car, and with *this* knowledge he negligently *continued* to run his automo-

bile down the track in the direction of the car, *"meeting the car,"* then the plaintiff was guilty of an act of negligence which continued up to the time of the injury, and which necessarily contributed proximately to the injury of the automobile. There is evidence in this case tending to show that all that the driver of the automobile did, after he got on the track, was to try to get off of it, and that in trying to do so, the automobile skidded along down the track in the direction of the car, but we are dealing, *not* with *tendencies* of the *evidence,* but with a *question of pleading.* All reasonable intendments must be indulged by us against the pleader in construing plea 5, but the plea is nevertheless entitled to a fair interpretation at our hands, and, so interpreting it—placing upon its words, not a *strained,* but a *fair* construction— this plea was not subject to demurrer, and the trial judge committed a reversible error in sustaining a demurrer to it.

4. We have above considered all the questions presented by this record which will prove of value to the parties on the next trial; and, for the error pointed out, the judgment of the court below is reversed, and the cause is remanded to the court below for further proceedings in accordance with this opinion.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.