# Stovall *v.* Corey Highlands Land Co.

*Injury from Collision.*

(Decided November 7, 1914. 66 South. 577.)

1. *Motor Vehicle; Registration; Use of Streets.*—In an action for damages resulting from a collision between defendant's automobile, and plaintiff's motorcycle, the fact that the motorcycle was not duly registered was immaterial, since it had no connection with the injury, and in no way affected defendant's general duty to so operate his automobile on the streets as not to injure the person or property of another.

2. *Master and Servant; Injury to Third Person; Liability.*—Where a land company in promoting the sale of its land furnished real estate agents and prospective purchasers the free use of an automobile and driver to go out on inspection tours, such company was the owner of the automobile, and liable to third persons for injuries resulting from the negligence of the chauffeur when so engaged if the chauffeur was ascertained to be the servant of the land company; which, under the evidence in this case was a question to be determined by the jury.

3. *Principal and Agent; Relation; Presumption.*—Where an act purports to be that of an agent and inures to the benefit of the alleged principal, it will be presumed that the relation of principal and agent existed.

[Stovall v. Corey Highlands Land Co.]

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by H. H. Stovall against the Corey Highlands Land Company, for injuries resulting from a collision. Judgment for defendant and plaintiff appeals. Reversed and remanded.

McARTHUR & HOWARD, for appellant.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATTER, for appellee.

DE GRAFFENRIED, J.—The fact that the plaintiff's motor cycle was not registered in compliance with the laws of the state had no causal connection with the injury of which the plaintiff complains, and can in no way be available to the defendant, under the issues presented in this case. The fact that the motor cycle was not registered in no way affected the general duty, which the defendant owed the plaintiff, to so operate its automobile while traveling upon the public highway as not to negligently injure the person or property of another. This proposition was announced by this court in *Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co.*, 184 Ala. 601, 64 South. 44, and is supported by the best of logic, as well as by the great weight of authority.—*A. G. S. R. R. Co. v. McAlpine*, 71 Ala. 545; *Atlantic C. L. Ry. Co. v. Weir*, 63 Fla. 74, 58 South. 641, 41 L. R. A. (N. S.) 307, Ann. Cas. 1914A, 126; *Wilson v. L. & N. R. R. Co.*, 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987; 2 R. C. L. pp. 1198, 1199, § 33.

1. The Corey Highlands Land Company was exploiting certain of its lands for sale. The sites of these lands was some distance from the city of Birmingham, and

it was the custom of the land company to furnish to prospective purchasers an automobile and driver to use in going from the city of Birmingham to Corey, the place where the lands were, and in returning from Corey to Birmingham. A good many of the real estate agents of the city of Birmingham were attempting to sell these lands for the Corey Highlands Land Company, and, whenever a real estate agent had a prospective purchaser for any of the lands, he was free to use the automobile of the Corey Highlands Land Company for the purpose of going to and from Corey with his prospective purchaser. It would seem, therefore, that, as to third persons, the Corey Highlands Land Company should certainly be held legally responsible for injuries occurring from the negligence of the chauffeur in charge of one of its automobiles while engaged as above indicated.

This is not the case of a loan, by one person, of an automobile, with its chauffeur, to another person, for service in the exclusive business of the latter. This loan (if it be so considered) was a loan in furtherance of the efforts of the Corey Highlands Land Company to advertise and sell its lands.

2. That there was evidence in this case from which the negligence, both simple and wanton, of the chauffeur was inferable, there can be no doubt.—*Dozier v. Woods,* 190 Ala. 67 South. 283.

3. The automobile was the property of the Corey Highlands Land Company. At the time of the plaintiff's injuries, it was engaged in business for that company. It was taking a real estate agent and a prospective purchaser to Corey for the purpose of inspecting the lands of the company. Agency can be shown by circumstances as well as by direct evidence, and, under the evidence the question as to whether the chauf-

[Barker v. Tennessee 'Coal, Iron & R. R. Co.]

feur was a servant of the land company at the time the plaintiff was injured was one for the jury.

Where an act purports to be that of an agent, and it inures to the benefit of the alleged principal, it will be presumed that the relation existed.—*Bias v. Cockrum,* 37 Miss. 509, 75 Am. Dec. 76; *Potter v. Lansing,* 1 Johns. (N. Y.) 215, 3 Am. Dec. 310; *Wyllie v. Wynne,* 26 Tex. 42; *Barfield's Case,* 187 Ala. 579, 65 South. 928; *Weideman v. St. Louis Taxicab Co.* (Mo. App.) 165 S. W. 1106; *Galbreath v. Cole,* 61 Ala. 139; *Insurance Co. v. Catchings,* 104 Ala. 186, 16 South. 46; *Insurance Co. v. Lesser,* 126 Ala. 568, 28 South. 646; 4 Mayf. Dig. p. 526, subd. 81.

The rulings of the trial court were not in accordance with the above views, and the judgment of the trial court is reversed, and the cause is remanded to the court below for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McClellan and Somerville, JJ., concur.