# Alabama G. S. R. R. Co. v. H. Altman Co., et al.

## Damage for Loss of Goods.

(Decided November 7, 1914. Rehearing denied December 17, 1914.
67 South. 589.)

1. *Sales; Passing Title; Delivery to Carrier.*—Where goods were bought and delivered to a carrier for shipment to the buyer under a bill of lading in his name, title to the goods passed to the buyer on delivery.

2. *Carriers; Loss of Goods; Action; Parties.*—Where goods consigned to independent buyers under independent contract with the same seller were loaded in a car for shipment under a bill of lading, and were destroyed by fire, each buyer had a separate cause of action, and aside from a possible right of stoppage in transit, the seller could not maintain an action in his own name.

3. *Pleading; Amendment; Review.*—Where plaintiff filed an amend-. ed complaint after demurrer sustained to his original complaint, instead of declining to plead further, the sustaining of the demurrer was not reviewable on an appeal from a judgment on such amended complaint, in view of the provisions of section 3017, Code 1907.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Drewry, Hughes & Co. against the Alabama Great Southern Railroad Company. The complaint was amended by substituting H. Altman & Co. and others as plaintiffs, for use of Drewry, Hughes & Co. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

As originally filed, the complaint was for $1,327.61, for the failure to deliver certain goods—to wit, 28 cases of Caledonia outing—received by defendant as common carrier to be delivered to the following parties: (Here follows the number of cases consigned to each party and the name of the party to whom the different consignments were made). This suit was by Drewry, Hughes & Co., a corporation, against the Alabama Great

[Alabama G. S. R. R. Co. v. H. Altman Co., et al.]

Southern Railroad Company. As amended, the complaint was subdivided, and each party to whom a consignment was made was substituted as a party plaintiff suing for the use of Drewry, Hughes & Co., a corporation, and was brought for the amount of goods consigned to that particular party; each count in the complaint being the same, except as to the party plaintiff and the amount, that being governed by the consignee to whom the goods were shipped and the number of cases shipped to such consignee. The demurrers raise the question of the legality of the action against defendant, and the other question decided in the opinion.

A. G. & E. D. SMITH, for appellant.

OLIVER, VERNER & RICE, for appellee.

DE GRAFFENRIED, J.—In this case Drewry, Hughes & Co., a corporation, sold to a large number of people separate lots of cotton cloth. Each purchase was independent of, and had no connection whatever with, any other purchase. Indeed, the several purchasers lived in different states, and had no connection with each other. Drewry, Hughes & Co. bought the cloth which it sold to these purchasers from a cotton mill at Cottondale, and the cotton mill, acting under the orders of Drewry, Hughes & Co., shipped the goods, in separate, distinct lots, to such purchasers. Each purchaser's goods were put in a separate package, his name was marked upon the package, and a bill of lading was taken from the railroad, in his name, for his goods. The goods were all put in one car by the Alabama Great Southern Railroad Company, and before the car containing the goods left Cottondale the car containing the goods, and the goods, were destroyed by fire.

[Alabama G. S. R. R. Co. v. H. Altman Co., et al.]

(1) 1. When the goods were delivered by the cotton mill to the railroad company, and were by the railroad company accepted for transportation, they were not the goods of Drewry, Hughes & Co., but were the goods of the several, distinct consignees. Each purchaser, upon the delivery of his goods to the railroad company for shipment to him and the issuance, by the railroad company, of the bill of lading in his name for his goods, became the owner of such goods. The title to the goods was in him, and for their loss or destruction while in transit he alone had the right to sue. The casualties incident to the transportation of the goods from Cottondale to the point of their destination were matters with which the consignee alone was concerned.—*Jones v. Sims,* 6 Port. 138; *Southern Express Co. v. Armstead,* 50 Ala. 350; *M. & G. R. R. Co. v. Williams,* 54 Ala. 168; *S. & N. A. R. R. Co. v. Woods,* 72 Ala. 451; 2 Mayf. Dig., p. 621, and the authorities cited on that page.

(2) 2. When, therefore, the goods were destroyed, each separate consignee had a separate, independent cause of action against the railroad company for the destruction of his goods, provided, of course, their loss is to be attributed to the actionable fault of the railroad company. The separate consignees had, of course, no joint right of action against the railroad company, because the purchases were separate, and the shipments were separate. It is therefore plain that the consignees, as they had no joint right of action against the railroad company had no right to join in one suit in the law court against the railroad company, for their separate losses. For his particular loss each consignee had only his independent, separate right of action.

In the case of *Childress v. McCullough,* 5 Port. 54, 30 Am. Dec. 549, this court, through Goldthwaite, J.,

said: "It is a well-recognized rule that a court of law will not take cognizance of distinct and separate claims, or liabilities of several persons in one suit, though standing in the same relative situations."

The above rule has not, in this state, been changed by statute or decision.

3. In so far as the rights of the parties to this litigation are concerned, we may as well say, at this point, that, as a matter of law, Drewry, Hughes & Co., under the amended complaint, are shown to be clothed with no more rights than they would have possessed if they had not sold the goods to the various consignees. The consignees had ordered the goods of Drewry, Hughes & Co., and, when that company delivered the goods to the railroad company, and the railroad company issued to the various consignees bills of lading in their respective names for the goods, Drewry, Hughes & Co. had performed all of the duties which they owed the consignees, and the consignees were the absolute owners of the goods.

Of course, there may have resided in Drewry, Hughes & Co., under certain conditions which are of no value here, the right of stoppage in transitu, but, in so far as this case is concerned, Drewry, Hughes & Co. occupy the same relation to the railroad company as if they had not sold the goods, and, after their destruction, had brought the separate rights of action which existed in favor of each consignee—if the goods were destroyed under such circumstances as rendered the railroad company liable for their loss—against the railroad company.

4. This court has not departed from the common-law rule that, except in certain well-recognized exceptions to the general rule, an assignee of a chose in action must ordinarily, at law, sue in the name of the as-

[Alabama G. S. R. R. Co. v. H. Altman Co., et al.]

signor. There is not, as was pointed out in *Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co.,* 184 Ala. 601, 64 South. 44, under the terms of sections 2490 and 3667 of the Code of 1907, much reason left for the enforcement of the above rule; but the rule, never having been expressly changed by statute, still obtains in this state. It has not been changed by decision.—*B. R., L. & P. Co. v. Aetna Accident & L. Co., supra; Ex parte Bromberg,* 121 Ala. 361, 25 South. 994; *Southern Ry. Co. v. Stonewall Ins. Co.,* 177 Ala. 327, 58 South. 313.

The reasons which existed at common law for the above rule arose out of the inflexibility of the rules of law as compared with those of equity, and the policy of the law to encourage repose by discouraging champerty and maintenance.—*Coffman v. L. & N. R. R. Co.,* 184 Ala. 474, 63 South. 527.

In the case of *Sutton et al. v. The Victorian No. 2,* 26 Or. 194, 41 Pac. 1103, it was held that different claims against the same vessel, arising under a boat lien law, and assigned to the plaintiff might all be sued for in one complaint.—1 R. C. L., p. 367, § 41. In that case, however, the assignee was entitled to sue, and actually sued, in his own name. His right to so sue in his own name was the reason upon which the court based, in that case, its decision.

5. We have, as above stated, in this case numerous plaintiffs, all suing in one action for the use of one person, and each nominal plaintiff's right of action is separate and distinct from every other right of action set out in the complaint. This, of course, is a complete departure from all precedent, and, upon principle and authority, cannot be done. It is true that Drewry, Hughes & Co., in the names of the several nominal plaintiffs, might have brought separate suits

against the defendant, and the trial court, to facilitate its business, might have consolidated them for the purpose of trying them all together. In that case, however, there would have been separate judgments in each suit.

In this state our courts have clung to the distinction which was drawn by the English courts between courts of law and courts of equity with regard to the remedies peculiar to each jurisdiction; and our Legislature has not seen proper to destroy that distinction.

"At an early day courts of law began to recognize the equitable rights of assignees and others; and, to obviate the injustice to them resulting from the rule that only the person having the legal title can sue, the practice obtained of allowing the person equitably entitled to sue in the name of the person legally entitled. In such cases the person in whose name the suit is brought is called the record, nominal, or legal plaintiff, and the person for whose benefit the action is prosecuted is called the equitable, beneficial, or use plaintiff."—15 Ency. Pl. & Pr., 487.

In all such cases the rights and status of the equitable, beneficial, or use plaintiff are fixed by the rights and status of the nominal plaintiff; the nominal and use plaintiffs, in such cases, being regarded as one person.—*Coffman v. L. & N. R. R. Co., supra.*

We know of no case in which a beneficial plaintiff has been permitted, in one and the same action at law, to recover in the name of several nominal plaintiffs, on several separate and independent causes of action residing in such nominal plaintiffs.' In all such cases each nominal plaintiff must bring his own separate, independent suit for the benefit of such beneficial plaintiff. Until this court can discard the necessity for the nominal plaintiff—and it can only do so through leg-

islative enactment or by overruling a long line of decisions which are based upon cases which came to us, along with the great body of our law, from England—the naked legal right must determine who can sue and who can be joined in a suit at law.—*Coffman v. L. & N. R. R. Co., supra.*

The demurrer to the complaint, as amended, should have been sustained.—R. C. L., vol. 1, p. 367, subd. 41.

(3) In the above opinion we have dealt with the only question which we are authorized to consider. The suit was originally brought in the name of Drewry, Hughes & Co., but the demurrer of the defendant to the original complaint was sustained. Thereupon the plaintiff amended the complaint. The action of the trial court in sustaining the demurrer to the original complaint is not before us for review, and we are without authority to review it. If the plaintiff had desired a decision upon the question presented by the demurrer to the original complaint, it could have declined to plead further after the demurrer to the original complaint was sustained, and, in this way, have presented to us, in the way provided by the Legislature, that question for review. This the plaintiff did not see proper to do.—Code of 1907, § 3017; *Bush v. Russell,* 180 Ala. 590, 61 South. 373.

The judgment of the trial court is not in accordance with the above views, and the judgment of the trial court is reversed, and the cause is remanded for further proceedings in the court below.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.