### RIGHTS IN THE STREETS OF AN UNREGISTERED AUTOMOBILE.

Common Pleas Court of Darke County.

J. W. JACKSON v. THE OHIO ELECTRIC RAILWAY COMPANY.

Decided, February 23, 1916.

*Motor Vehicles—Failure to Register Machine—Does Not Make it a Trespasser in the Streets—Injury Through Negligence to Such a Machine or its Driver Actionable—Effect of a Declaration of Emergency in the Enactment of a Statute.*

In an action by the operator of an automobile to recover damages for personal injuries caused by the automobile colliding at a grade crossing with an interurban passenger car of an electric railway company negligently operated by the motorman in charge thereof, it is no defense that such automobile is not registered as required by law.

*Martin B. Trainor,* for plaintiff.
*John F. Maher,* contra.

BOWMAN, J.

The plaintiff sues to recover damages for personal injuries sustained in the collision of an automobile, belonging to his employer, which he was driving, with one of the interurban passenger cars of the defendant at a grade crossing in the city of Greenville, Ohio, caused, as he alleges, by the carelessness and negligence of the motorman in charge of said car.

The fourth defense of the answer is, that said automobile was not registered as required by law.

Plaintiff demurs on the ground that said defense is insufficient in law.

Section 6294, General Code, as amended February 16th, 1914 (104 O. L., 248), provides for registration of automobiles by the owner; and Sections 12613 and 12620 make it a misdemeanor if he fails to file, or cause to be filed, annually, the application for registration, or to pay the legal fee therefor, or fails to have the distinctive number and registration mark furnished by the secretary of state for such motor vehicle displayed on the front and rear thereof.

The owner had not complied with this law, and it is claimed that plaintiff, driving said unregistered motor vehicle, was a trespasser and an outlaw upon the public streets and highways, for the reason that the operation of the unregistered automobile is deemed to be unlawful in every feature and aspect, and that the defendant owed him no duty save only not to wilfully and wantonly injure him after discovering him in a place of danger, and in support of this claim, counsel for the defendant cite *Chase* v. *Railroad Co.,* 208 Mass., 138; *Bourne* v. *Whitman,* 209 Mass., 155; *Dean* v. *Boston Elevated Railway,* 217 Mass., 495; *Gould* v. *Elder,* 209 Mass., 396; *Dudley* v. *Northampton Street Railway Co.,* 202 Mass., 443.

In those cases the court had under consideration a statute similar to Section 6294 of the General Code of this state, and in holding that a person driving or being transported in an unregistered automobile has not the rights of a traveler lawfully upon the public highway, Knowlton, C. J., speaking for the court in *Chase* v. *Railroad Co., supra,* at page 158, says:

"Everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law. In going along the way and entering upon the crossing the machine is an outlaw. The operator, in running it there and thus bringing it into collision with the locomotive engine, is guilty of conduct which is permeated in every part by his disobedience of the law, and which directly contributes to the injury by bringing the machine into collision with the engine. He is within the words of the statute. He is in no better condition to recover than a person would be who was violating the law by walking on the track of a railroad, and was struck by an engine when he had

reached the crossing of a highway. Every minute of the time, and in every part of his movement, while walking upon the track in his approach to the crossing, he would be a violator of the law and a trespasser.''

The Massachusetts cases, however, seem to stand alone, and the weight of authority and the better reason are opposed to this claim. While Section 6294, General Code, makes it the duty of the owner to register his motor vehicle and for its violation penalties are prescribed, there is nothing therein or other statutory provision, which makes a traveler with an unregistered automobile a trespasser upon the public streets and highways, or which in any way affects the general duty which the defendant owes to the law, to so operate its cars as not to negligently injure the person or property of another.

In the absence, therefore, of any statutory provision to that effect, the mere fact that plaintiff's automobile was unregistered, does not place him beyond the pale of the law nor preclude a recovery for an injury sustained by him unless his failure to register the automobile in some way contributed to the cause of the injury.

In *Armstead* v. *Lounsberry*, 129 Minn., 34, the defense was that plaintiff's automobile was not registered as required by law, and it was held that that fact would not relieve the defendant, unless it had some casual connection with the injury of which he complained and contributed thereto; for, as said by Hallam, J., in that case:

''The right of a person to maintain an action for a wrong committed upon him is not taken away because he was at the time of the injury disobeying a statute law which in no way contributed to his injury. He is not placed outside all protection of the law, nor does he forfeit all his civil rights merely because he is committing a statutory misdemeanor. The wrong on the part of plaintiff, which will preclude a recovery for an injury sustained by him, must be some act or conduct having the relation to that injury of a cause to the effect produced by it.''

The case of *Hemming* v. *New Haven*, 82 Conn., 661, was an action to recover damages for injuries to the person and automo-

bile of the plaintiff, which were alleged to have been caused by a defective highway. The plaintiff had failed to register his automobile as required by law, and in holding that the use of an unregistered automobile upon the public highway would not preclude the owner from recovering damages from a city for injuries to himself and to the car which were caused by a defect in the highway due to the city's negligence, Roraback, J., at page 663 says:

"The plaintiff was violating the statute relating to the registration of automobiles, but that fact does not relieve the defendant. This statute imposed an obligation upon the plaintiff to register his automobile, and for its violation prescribed a penalty. The statute goes no further, and it can not be held that the right to maintain an action for damages resulting from the omission of the defendant to perform a public duty is taken away because the person injured was at the time his injuries were sustained disobeying a statute law which in no way contributed to the accident. A traveler with an unregistered and unnumbered automobile is not made a trespasser upon the street, neither does it necessarily follow that the property which he owns is outside of legal protection when injured by the unlawful act of another."

To same effect are *Birmingham R., Light & P. Co.* v. *Aetna Accident & Liability Co.*, 183 Ala., 601; *Atlantic Coast Line Railroad Co.* v. *Weir*, 63 Fla., 74; *Shaw* v. *Thielbahr*, 82 N. J. Law, 23; *Hughes* v. *Atlanta Steel Co.*, 136 Ga., 511; *Crossen* v. *Chicago & Joliet Elec. Ry. Co.*, 158 Ill. App., 42; *Luckey* v. *Kansas City*, 169 Mo. App., 666; *Yeager* v. *Winton Motor Carriage Co.*, 53 Pa. Supreme Ct., 202; *Hyde* v. *McCreery*, 130 N. Y. Supp., 269; *Elliott on Roads & Streets*, Section 1115.

There is no averment or claim here that the registration of said automobile would have prevented said collision, nor the fact that it was unregistered contributed in the least degree thereto. In other words, there was no relation of cause and effect between the failure to register said automobile and the injury to plaintiff.

Further claim is made that in declaring said act of February 16th, 1914, an emergency act, the Legislature having in effect declared that unless so registered, owners, operators and chauf-

fers of motor vehicles "have no legal right to operate their vehicles upon the public streets and highways," the operation of unregistered motor vehicles is thereby prohibited, and the omission, therefore, to do what the law requires is negligence *per se,* and takes away the right to maintain an action for damages for injuries received by reason of the operation thereof.

This declaration of emergency, however, is no part of the act, but operates simply to put the same into immediate effect, and therefore not subject to referendum. But if it were otherwise, it is sufficient to say that it was not the purpose of Section 6294, General Code, to prevent collisions, and neither it, nor said emergency declaration take away the right of an owner or operator of an unregistered motor vehicle to prosecute an action for any injury to person or property received by reason of the operation of such motor vehicle in or upon the public streets and highways of this state, and nothing short of an express statute to that effect would preclude a right of action and recovery unless the failure to register in some way contributed to cause the injury.

In such case, doing the forbidden act is a breach of duty in respect to those who may be injured thereby. *Monroe* v. *Hartford Street Railway Co.,* 76 Conn., 206. But there is no such statute, and Section 6294, General Code, does not have such effect.

It follows that the third defense is insufficient in law.

Demurrer sustained.