IRIARTE BROTHERS, Plaintiffs and Appellees, *v.* GERÓNIMO MORALES, Defendant and Appellant.

No. 4262. Argued April 24, 1928.—Decided June 15, 1928.

*Hartzell, Kelly & Hartzell* and *Rafael O. Fernández* for the appellant. *Celestino Iriarte Jr.* for the appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan on August 24, 1926.

The complaint alleges in substance that Celestino Iriarte Jr. and Eduardo Iriarte, doing business under the name of Iriarte Brothers, were the owners on November 7, 1925, of a Federal freight truck, plate No. H-176, which on that date was coming toward San Juan on the Santurce–Bayamón road; that a G. M. C. freight truck, plate No. H-P 189, belonging to defendant Gerónimo Morales was coming along the same road and in the same direction driven by chauffeur Juan R. Morales, an employee of the defendant, and the carelessness and negligence of said chauffeur Juan R. Morales

in passing the truck of the plaintiffs caused a collision of the right rear wheel of the defendant's truck with the left front wheel of the truck of the plaintiffs, the result being that the latter's truck was thrown over the embankment and into the water near the place of the accident, the plaintiffs' truck being overturned and damaged in the motor and other parts and rendered unserviceable for the use to which it had been put; that the accident was due solely to the carelessness of chauffeur Juan R. Morales who in passing swerved unnecessarily to the right and caused the collision, and that the damages suffered by the plaintiffs are estimated by them at $1,500.

The defendant answered by a general denial.

At the trial the parties introduced parole and documentary evidence. The evidence was contradictory as to how the accident occurred. The witnesses for the plaintiffs testified that the chauffeur of the defendant's truck signaled for leave to pass which was given and that in passing it swerved in such manner that the defendant's truck struck that of the plaintiffs which received the impact on its left front wheel and was thrown off the road into the water and had its radiator, crank case, crank shaft, storage battery and cylinder block broken, and its magneto damaged. The witnesses for the defendant testified that the truck of the defendant did not collide with the truck of the plaintiffs which fell into the water after the defendant's truck had passed it; that the *peon* of the plaintiffs' truck had descended from his seat to pick up a small package and returned and took the steering wheel while the chauffeur examined the package. They also testified that the truck with plate H-176 was a Mack and not a Federal. We are making an extract of the principal testimony. The documentary evidence of the plaintiffs proved that the G. M. C. truck referred to in the complaint belonged to Gerónimo Morales of Naranjito. That of the defendant showed that no Federal truck had been registered in the name of Iriarte Brothers or either of the plaintiffs at any

time during the fiscal year 1925–1926, and that plate No. H-176 was given for a Mack truck of 3½ tons in favor of Celestino Iriarte Jr.

It was proved also that chauffeur Juan R. Morales at the time of the accident was an employee of the defendant acting within the scope of his employment and that the truck was being used for the transportation of merchandise as a business.

The district court rendered judgment that the defendant pay to the plaintiffs $1,500 as indemnity, and the costs. The judgment is accompanied by an opinion containing the required findings of fact and conclusions of law and stating that the court had adjusted the conflict in the evidence in favor of the plaintiffs whose witnesses it believed. It says also that it is true that the truck of the plaintiffs was illegally using the plate No. H-176 corresponding to a Mack truck owned by Celestino Iriarte, but that this fact does not bar the action of the plaintiffs, citing the jurisprudence laid down in the case of *Birmingham Railway Light and Power Co.* v. *Aetna Accident and Liability Co.,* 184 Ala. 601, 64 So. 44, cited in Huddy on Automobiles, in the sense that it is not important whether or not the automobile was registered in accordance with the laws of the State, for in that case the owner could be guilty of a violation of the law, but that fact would not affect the legal duty of the defendant to drive his car carefully so as not to injure persons and property.

As regards how the accident or collision occurred and the damages suffered by truck H-176, we do not find that the lower court committed error. The court adjusted the conflict in the evidence and gave credit to that of the plaintiffs, and unless a showing is made of manifest error, or passion, prejudice or partiality, we think that that ruling should not be modified.

Referring to the amount of damages, we are of opinion that the court committed manifest error. From the testimony of witness Arcelay de la Rosa, pages 60 to 74, it can

not be deduced that the repairs to truck No. H-176 should necessarily require an expenditure of $1,500, but only of $750 to $800, unless it is sought to provide a truck of rather long use with a great number of new parts. We do not find justification for allowing $1,500 as an indemnity, for $750 is sufficient. If by expending that sum in replacement parts and in the work of repair the truck is made serviceable, the plaintiffs can not exact or obtain anything more. This court has already expressed itself in that sense.

As regards the question raised by the appellant with relation to the ownership of the truck damaged by the collision, we agree with the court *a quo* that whatever liability the owner of said truck may incur for using plates which did not belong to the truck, it would be reduced to a violation of certain statutes, but does not relieve the drivers of trucks and motor cars from exercising due care and using the necessary diligence in driving their vehicles, avoiding damage to persons or property.

The errors assigned by the appellant under Nos. first, second and third are thus disposed of. As to the one referring to the imposition of costs, the conduct of the appellant and his refusal to admit that his truck, driven by his employee, caused the damage for which compensation is claimed amount to temerity which carries with it the imposition of costs.

The judgment appealed from should be modified in the sense of adjudging that the defendant pay as compensation to the plaintiffs the sum of seven hundred and fifty dollars and affirmed in all other respects.