CELESTINO IRIARTE, JR., y EDUARDO IRIARTE, haciendo negocios bajo la denominación de IRIARTE HERMANOS, demandantes y apelados, *v.* GERÓNIMO MORALES, demandado y apelante.

No. 4262.—*Visto:* Abril 24, 1928. *Resuelto:* Junio 15, 1928.

*Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados del apelante; *Celestino Iriarte, Jr.,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Esta apelación se ha interpuesto contra sentencia dictada por la Corte de Distrito de San Juan en 24 de agosto de 1926.

La demanda con que se inició este caso, alega sustancialmente que Celestino Iriarte, Jr., y Eduardo Iriarte, que hacen negocios bajo el nombre de Iriarte Hermanos, en 7 de noviembre de 1925, eran dueños de un automóvil de carga marca Federal, y tablilla No. H-176, y cuyo automóvil en la fecha expresada venía hacia San Juan de Puerto Rico, por la carretera de Santurce a Bayamón; que un automóvil de carga, marca G. M. C., licencia No. H-P 189, propio del demandado Gerónimo Morales, que venía por la misma carretera, en la misma dirección que el de los demandantes, y guiado por el

chauffeur Juan R. Morales, en el servicio del demandado, por la negligencia y falta de cuidado de dicho chauffeur Juan R. Morales, al pasar por el lado del automóvil de carga de los demandantes, chocó con su rueda derecha trasera en la derecha delantera del de los demandantes, y éste se fué al agua por el precipicio que hay en donde ocurrió el choque, volcándose el automóvil de los demandantes, y sufriendo desperfectos en el motor y otras partes, quedando inservible para el transporte y uso a que venía destinado; que ese accidente se debió únicamente a la falta de cuidado del chauffeur Juan R. Morales, que al pasar se desvió innecesariamente a la derecha, ocasionando el choque; y que los daños sufridos por los demandantes se estiman por ellos en $1,500.

El demandado contestó por medio de negación general de los hechos.

En el juicio las partes presentaron prueba testifical, y documental. La prueba, en cuanto a cómo ocurrió el hecho, fué contradictoria. Los testigos de la parte demandante declararon que el automóvil del demandado pidió paso, que le fué dado: y que al pasar aquél se desvió queriendo entonces tomar su sitio el demandado, cuyo camión chocó con el de los demandantes, que recibió el golpe en la rueda delantera de la izquierda, y fué a caer al agua, fuera de la carretera, sufriendo la rotura del radiador, de la caja del crank, del cigüeñal, de la caja de la carga, y del bloque de los cilindros, por rajadura, y quedando perjudicado el magneto. Los testigos del demandado declararon en el sentido de que el automóvil de carga del demandado no tuvo choque alguno con el de los demandantes, y que este último se fué al agua cuando ya el del demandado le había pasado; que el peón del automóvil de los demandantes se había bajado de su sitio para recoger un paquetito, y luego montó otra vez, y tomó el guía del automóvil mientras el chauffeur examinaba el paquete. Declararon también que el automóvil de carga con la tablilla H-176, era uno de la marca Mack, y no un Federal. Rela-

tamos, en extracto, las manifestaciones principales de los testigos. La prueba documental de los demandantes justificó que el automóvil de carga G. M. C. a que se refiere la demanda es propiedad de Gerónimo Morales, de Naranjito. Y la del demandado, que en ningún tiempo en el año fiscal 1925-1926 ha figurado inscrito a nombre de Iriarte Hermanos, o de alguno de los demandantes, un automóvil de carga Federal, y que las tablillas H-176 fueron dadas para un automóvil de carga Mack de 3½ toneladas, a favor de Celestino Iriarte, Jr.

Se probó asimismo que el chau'ffeur Juan R. Morales, en el momento del accidente, se hallaba al servicio del demandado, y en desempeño de funciones del mismo servicio, y que el truck se dedicaba a transporte de mercancías, como empresa.

La corte de distrito dictó sentencia condenando al demandado a pagar a los demandantes, como indemnización, $1,500 y las costas. A la sentencia, y haciéndola parte de la misma, se acompaña opinión, en la que se estudian los extremos de hecho y de derecho necesarios; y en la que se hace constar que la corte ha resuelto el conflicto de la prueba en favor de los demandantes, a cuyos testigos ha dado crédito. Se hace constar asimismo que es cierto que el automóvil de carga de los demandantes llevaba ilegalmente las tablillas H-176, que pertenecen a un automóvil de carga "Mack" propio de Celestino Iriarte; pero que ese hecho no impide el ejercicio de la acción por los demandantes; y se cita la jurisprudencia sentada en el caso *Birmingham Railway Light and Power Co. v. Aetna Accident and Liability Co.*, 184 Ala. 601, 64 So 44, citado en Huddy on Automobiles, en el sentido de que no importa que el automóvil estuviera o no, registrado o inscrito de acuerdo con las leyes del Estado, ya que en ese caso el dueño podría ser culpable de una violación de la ley, pero ese hecho no afecta al deber legal del demandado, de guiar su carro de forma que no ocasione negligentemente daños a personas y propiedad.

En lo que toca a cómo ocurrió el accidente o choque, y a los desperfectos que sufrió el automóvil H-176, no encontramos que la corte inferior haya cometido error alguno. Decidió la corte el conflicto de prueba, y dió crédito a la de los demandantes; y a menos que se nos demostrara un manifiesto error en ello, o la influencia de pasión, prejuicio o parcialidad, no creemos deber modificar tal resolución del conflicto de prueba.

En lo que se refiere al valor de los daños, creemos que la corte cometió manifiesto error. De la declaración del testigo Arcelay de la Rosa, páginas 60 a 74, no puede deducirse que ·la reparación del automóvil de carga No. H-176 exija necesariamente un gasto de $1,500, y sí de $700 a $800, a menos que se quiera poner a un automóvil ya bastante usado un gran número de piezas nuevas. No encontramos justificación para declarar el montante del daño en $1,500 y sí sólo en la suma de $750. Si el camión, mediante la inversión de esa suma en piezas de repuesto, y en trabajo de reparación, queda en condiciones de prestar buen servicio, no puede el perjudicado exigir, ni obtener, otra cosa. En este sentido se ha declarado ya este tribunal.

En lo que toca a la cuestión presentada por la parte apelante con relación a. la propiedad del camión perjudicado por el choque, convenimos con la corte a quo, en que cualquiera que fuera la responsabilidad que al dueño de dicho camión cupiera por usar tablillas que no eran las propias del camión, ello se reduciría a una violación de ciertas leyes, pero ello no releva a los conductores de carros y automóviles de guardar el debido cuidado y emplear la necesaria diligencia en la conducción de sus vehículos, evitando el causar daño a personas o propiedades.

Quedan así resueltos los señalamientos de error presentados por la parte apelante bajo los números primero, segundo y tercero. En cuanto al que se refiere a la imposición de las costas, la conducta del apelante y su negativa a

reconocer que su camión, guiado por su empleado, causó el daño cuya reparación se reclama, le pone en la condición de litigante temerario, que lleva aparejado la imposición de las costas.

*La sentencia apelada debe ser modificada en el sentido de imponer al demandado, como indemnización a la parte demandante, el pago a ésta de 'setecientos cincuenta dólares, y confirmada en lo demás.*