# Clisby. *et al. v.* Mastin, *et al.*

*Assumpsit.*

(Decided April 18, 1907. 43 So. Rep. 742.)

1. *Banks and Banking; Deposits; Effect.*—Where money is deposited in a bank by an officer of the court, the deposit becomes a part of the funds of the bank and the relation of debtor exists between the bank and the depositor.

2. *Deposit in Court; Conversion; Deposit in Bank.*—Where the court directed that money paid to the register be kept in the registry of the court until further orders, a deposit of the money in the bank by the register in his name as register was in violation of the court's orders and of section 4668, Code 1896, and amounted to a conversion.

3. *Same; Sureties; Liability for Interest.*—When a register illegally deposits money in his hands in a bank the register and his sureties become *eo instante* the debtors of the parties to whom the fund belongs and liable to such parties for the interest on the founds.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Emily Clisby and others against P. B. Mastin and others. From a judgment for plaintiffs for less

than the relief demanded, they appeal. Reversed and remanded.

JOHN A. ELMORE, for appellant.—The decree is a final one.—*R. & D. R. R. Co. v. Sibert,* 97 Ala. 393. A deposit of the funds by the register was in contravention of the order of the court and a conversion carrying interest.—*Alston v. The State,* 92 Ala. 124; *U. S. F. & G. Co. v. U. T. & S. Co.,* 142 Ala. 532; *Mitchell v. Rice,* 132 Ala. 120.

RUSHTON & COLEMAN, for appellee.—In order to fix any liability upon any clerk or register it is necessary that the court should render an order directing him to pay over or account for such money.—*Furman v. Timberlake,* 93 N. C. 66; *Walters-Oates v. Wilkerson,* 92 Ia. 129; *State v. Dent,* 121 Mo. 162; *Smalling v. King,* 5 Lea, 585. Where a clerk deposits money paid into court pending litigation with a bank solvent at the time he is not liable for the money in case of a failure of the bank.—22 L. R. A. 449. A clerk is liable for interest where, by his failure to obey an order, requiring him to dispose of funds in a certain way the interest is lost.— 165 Ill. 233; 154 Pa. St. 58.

DENSON, J.—On a bill filed in the city court of Montgomery to have lands in which the complainant and the respondent in the bill were jointly interested under the provisions of a will sold for reinvestment, a decree was rendered ordering the sale of the lands. The lands were sold in accordance with the terms of the decree, and the purchase money was paid to the register. The register made a report of the sale to the court, and it was duly confirmed. The court made an order requiring that the money should be kept in the registry of the court until further order made in respect thereto. No further order was ever made. Instead of holding the money in possession or under his control, the register deposited it in a local bank in his name as register. The bank failed, and the money was lost. The foregoing are the facts presented by this record, and the only question presented for determination is whether or not

the register and his surety are liable on the bond for interest on the money that was lost.

The surety's contention that it is not liable is rested on the proposition that, no order having been made by the court that the money should be paid to any one, or that it should be invested, no debt or cause of action arose to any one in respect to the money, and therefore that no interest could be collected. It is the settled law of this state that a deposit of the kind made in this case constitutes a general deposit, by which the money becomes the property of and a part of the funds of the bank, subject to its use as any other of its property; and by it the relation of creditor and debtor, between the depositor and the bank, is created.—*Alston v. State,* 92 Ala. 124, 128, 9 South. 732, 13 L. R. A. 659. Not only so, but according to the same authority, as well as the statute, the deposit was made in express violation of the law; and it was also made in express violation of the order of the court.—Code 1896, § 4668. Therefore, having been made in violation of the order of the court and in violation of the statute, the deposit amounted to a conversion by the register.

Furthermore, when the deposit was made, the register became eo instanti a debtor to the parties to whom of right the money belonged, and he and the surety on his bond were bound to absolute payment as for a debt; and a cause of action against the register and his surety on the bond at once arose.—*State v. Houston,* 78 Ala. 576, 585, 56 Am. Rep. 59; *Alston v. State, supra.* The weakness in the surety's insistence consists in the failure to take into consideration the principles above announced.

On the foregoing considerations it is manifest that the surety is liable for interest, and the city court erred in decreeing otherwise.

Reversed and remanded.

Tyson, C. J., and Haralson and Simpson, JJ., concur.