(100 South. 467)

**MOODY v. JACOBS.** (8 Div. 645.)

(Supreme Court of Alabama. May 15, 1924.)

**1. Deposits in court ⬤4—Deposit of money by register in bank at interest is conversion.**

If register deposits money deposited with him for redemption of mortgage in bank at interest without authority of court having jurisdiction of fund, such deposit amounts to a conversion, and he is liable for amount with legal interest thereon, in view of Code 1907, § 6838.

**2. Parties ⬤7(1)—Beneficiary regarded as party to record.**

In suit in name of person merely holding legal title for use of beneficiary, latter is regarded as party to record, under Code 1907, § 2490.

**3. Parties ⬤7(1)—Use plaintiff held real beneficiary under evidence.**

In action on official bond of register by one assigned right of redemption under mortgage sale, for use of assignor, to recover for money illegally deposited at interest by register, evidence *held* to show that assignor was beneficiary in suit, and it was not a defense that plaintiff was in particeps criminis with register.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action on official bond by J. C. Jacobs, for the use of Hamlin Caldwell, against A. H. Moody. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The defense set up in plea 7 is that—

"The plaintiff in this cause entered into and was party to the agreement with J. A. Kyle, register, to pay him the fund now sued for, and said funds were paid to said Kyle by consent of J. C. Jacobs, plaintiff herein, and he cannot now collect same because paid by him, or with his knowledge and consent, for use of said fund by the plaintiff or his bank. Plaintiff was in pari delicto and cannot sue."

D. P. Wimberly, of Scottsboro, for appellant.

The transaction was unlawful, as against public policy, to which plaintiff was a party. The law will leave the parties where it finds them. 3 Michie's Dig. 330; 21 C. J. 1238; 13 C. J. 492.

Ernest Parks, of Scottsboro, for appellee.

The deposit by the register was an unlawful conversion, and rendered him liable to answer for interest. Code 1907, § 6838; Clisby v. Mastin, 150 Ala. 132, 43 South. 742, 124 Am. St. Rep. 64; Alston v. State, 92 Ala. 124, 9 South. 732, 13 L. R. A. 659; McPhillips v. McGrath, 117 Ala. 549, 23 South. 721. Hamlin Caldwell is to be considered the sole party in interest. Code 1907, § 2890; So. Ry. v. Brewster, 9 Ala. App. 597, 63 South. 790; B. R., L. & P. Co. v. Ætna A. & L. Co., 184 Ala. 601, 64 South. 44.

THOMAS, J. The trial was had without a jury on complaint and special pleas—among others, No. 7—and resulted in judgment for plaintiff. Material testimony was given ore tenus. The register had put in bank at interest funds deposited with that official for redemption of mortgage. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Andrews v. Grey, 199 Ala. 152, 74 South. 62; Gray v. Handy, 204 Ala. 559, 86 South. 548. However, since the evidence is without conflict, there is no occasion for the application of the rule stated in the cited cases.

[1] It is provided that, if any official named in the statute knowingly converts to his own use, or permits another to use, any money paid into his office, or received by him in his official capacity, he is liable to prosecution for embezzlement. Code, § 6838; Ex parte Cowart, 201 Ala. 55, 77 South. 349; Gerald v. Walker, 201 Ala. 502, 78 South. 856; State v. Montgomery Savings Bank, 199 Ala. 365, 74 South. 942; Clisby v. Mastin, 150 Ala. 132, 43 South. 742, 124 Am. St. Rep. 64; Alston v. State, 92 Ala. 124, 9 South. 732, 13 L. R. A. 659; Lacey v. State, 13 Ala. App. 212, 68 South. 706, certiorari denied in 193 Ala. 677, 69 South. 1018. It follows that, if a register deposit the moneys paid

him in his official capacity as a deposit on interest account in a bank, without the authority of the court having jurisdiction of that fund, while the same creates the relation of debtor and creditor between the parties, such deposit amounts to a conversion, and he is liable for the amount, with the legal interest thereon. Clisby v. Mastin, 150 Ala. 132, 43 South. 742, 124 Am. St. Rep. 64; McPhillips v. McGrath, 117 Ala. 549, 23 South. 721.

By reason of the matter set up in special plea No. 7, it is important that we determine from the pleading and evidence who the real plaintiff was—whether J. C. Jacobs or Hamlin Caldwell.

[2] In a suit in the name of a person merely holding the legal title for the use of a beneficiary, the latter is regarded the party to the record. Code, § 2490; Smith v. Yearwood, 197 Ala. 680, 73 South. 384; U. S. S. B. v. Sherman, 208 Ala. 83, 93 South. 834; Ex parte Bromberg, 121 Ala. 361, 25 South. 994; B. R., L. & P. Co. v. Ætna A. & L. Co., 184 Ala. 601, 64 South. 44; A. C. G. & A. R. Co. v. Kyle, 204 Ala. 597, 87 South. 191; Winter-Loeb Gro. Co. v. Boykin, 203 Ala. 187, 82 South. 437. The complaint alleges the facts; and among other things it is averred:

"Said decreal [decretal] order allowed said E. H. Caldwell to assign in writing his right to redeem under said mortgage, and on the 10th day of December, 1912, said E. H. Caldwell executed in writing an assignment of his right to redeem under said decree to Hamlin Caldwell, and on the 15th day of August, 1914, said E. H. and Hamlin Caldwell assigned their right of redemption under said mortgage to J. C. Jacobs, the plaintiff in this cause, and said deposit was made in pursuance of said decreal [decretal] order. And plaintiff avers that said Hamlin Caldwell as a matter of fact borrowed said sum of money from this plaintiff, and that he paid and is to pay plaintiff interest on said sum, and said Hamlin Caldwell was and is liable to plaintiff for principal and interest on said sum. Plaintiff avers that said J. A. Kyle deposited in his name the said sum of $2,407.77 in the J. C. Jacob's Banking Company's Bank in Scottsboro, Ala., on the 15th day of August, 1914, where said deposit remained until the 23d day of January, 1917, when said sum was transferred on the books of said bank from said Kyle's account to that of said B. F. Shook, register. Plaintiff further avers that while said sum of money was on deposit in said bank, to wit, from the 15th day of August, 1914, to the 23d day of January, 1917, said J. A. Kyle collected from said bank $237.77, as interest on said redemption funds so deposited, and when said J. A. Kyle, register aforesaid, turned the office and all books, papers, and moneys belonging thereto to his successor in office, the said B. F. Shook, he failed to turn over to said B. F. Shook, register, said $237.77, belonging to plaintiff, or to deliver said sum to plaintiff or to any one legally authorized to receive said sum of money."

It is insisted that, although the suit is brought by J. C. Jacobs for the use of Hamlin Caldwell, it was in truth and fact for his own benefit, and that he was particeps criminis with Kyle in so depositing the special or trust fund in question. It will be noted that it is averred in the complaint that the right of redemption under said mortgage in Hamlin and E. H. Caldwell was assigned to J. C. Jacobs on August 15, 1914, the same day the deposit at interest in the bank of J. C. Jacob's Banking Company was made by J. A. Kyle. The evidence shows that J. C. Jacobs was the president of the bank, and agreed with Hamlin Caldwell to furnish said moneys and to redeem the Caldwell interest in the land for the purpose indicated; and J. C. Jacobs gave therefor his individual check to Caldwell or Kyle, and same was deposited by Kyle in the bank. The alleged beneficiary, Hamlin Caldwell, testified that he "made the arrangements with J. C. Jacobs to furnish the money for the redemption and he paid it into court"; that witness did not "receive any interest upon the money so deposited," nor did he "authorize J. C. Jacobs to receive any interest on that money deposited"; and that witness was "liable to J. C. Jacobs for the funds so deposited" in court.

The plaintiff introduced H. G. Jacobs as a witness, who testified:

"I am the cashier of J. C. Jacobs Banking Company, and the son of J. C. Jacobs, who was president of the company in 1914 and since. J. A. Kyle, as register deposited the Caldwell money shown by the report with J. C. Jacobs Banking Company in the name of J. A. Kyle, register, on or about the 15th of August, 1914. The bank paid Mr. Kyle interest at two different dates on this money, namely, July 27, 1916, $192, and on January 23, 1917, $45.77. On the last date named Mr. Kyle transferred to B. F. Shook, register, the sum of $2,407.93 of this fund."

The bill of exceptions then recites:

"Witness further stated that neither he nor J. C. Jacobs Banking Company is interested in the result of this suit."

The witness testified on cross-examination as follows:

"That was the only fund that J. A. Kyle, register, had on deposit on savings account. This was carried on the savings account, and we paid interest on it. My best recollection is that it was agreed between J. A. Jacobs and J. A. Kyle at the time the redemption fund was paid to Mr. Kyle that he would leave it with our bank on savings account. My father, J. C. Jacobs, was to redeem the land for Hamlin Caldwell. Papa gave his check either to Caldwell or Kyle, I don't know, and that check was deposited on savings account to the credit of J. A. Kyle, register, pursuant to an understanding to the effect. My judgment is that the agreement was made contemporaneous with the re-

demption of the land. It was all planned together."

On rebuttal the witness said:

"I don't remember the arrangements they made. If I was present I don't remember it."

The defendant offered in evidence, among other things, the following:

"E. H. & G. B. Caldwell v D. K. & S. A. Caldwell et al.

"In the Circuit Court of Jackson County, Alabama, in Equity.

"To Hon. B. F. Shook, Register:

"We hereby certify that the funds paid in by J. C. Jacobs on redemption of lot No. 5, of-the Caldwell lands, in August, 1914, and which are still deposited in court to be returned to the owner, is the money of the said J. C. Jacobs. It appearing that by the final decree of January, 1917, you are ordered to return these funds to the complainant. Now, this is to authorize and direct you to return all said funds to the said J. C. Jacobs, less such deductions as were made on account of costs.

"This the 21st day of Nov., 1917.

"E. H. Caldwell.
"Hamlin Caldwell.

"Filed Nov. 23d, 1917.

"B. F. Shook, Register."

[3] When the undisputed evidence is considered, it cannot be said that Hamlin Caldwell was not the beneficiary in the suit, and was a party to the transaction with Jacobs or Kyle in the deposit of the money in bank at interest. As to Kyle and Jacobs, the contract to pay interest was against public policy, and as between those parties the law would leave them as found. As stated, this is not the case with Hamlin Caldwell (the real plaintiff), who, after the money was paid to J. C. Jacobs as for the order of date November 21, 1917, owed the difference between the sum so returned and that borrowed, with interest.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.