*W. Frank Smith Jr.,* contra.

ARMISTEAD *et al. v.* TRUST COMPANY OF GEORGIA *et al.*
TRUST COMPANY OF GEORGIA, trustee, *v.* GOODRUM *et al.*

Nos. 10209, 10225.   JANUARY 21, 1935.

*Hall & Jones* and *Little, Powell, Reid & Goldstein,* for plaintiffs in error.

*Crenshaw & Hansell, Spalding, MacDougald & Sibley,* and *Woodruff & Ward,* contra.

HUTCHESON, Justice. Much has been said in the argument of counsel as to the case of *Clark* v. *Clark,* 167 *Ga.* 1, but we fail to see wherein that decision is in any way controlling. The rulings there made were to the effect that trustees may make statutory investments, and other investment of trust funds, *without order of court,* and that the power to retain or make non-statutory investments may arise under the terms of the will, either *expressly or impliedly.* As was said in *Tennille* v. *Phelps,* 49 *Ga.* 532, 540, "In the construction of wills the great thing to be sought for is the intention of the testator. The whole will is to be looked to, and all its parts to be harmonized, if possible. The surroundings of the testator are to be considered, the objects of his bounty, his family relations, the nature and extent of his estate. If there be any doubt arising from the mere words of any clause, all the circumstances alluded to may be considered in resolving it." Now let us look at the case at bar. The testator was a man who had handled large sums of money, and had in fact amassed a fortune of more than two millions of dollars, and it will be noted that more than three fourths of this estate was in non-statutory securities. He evidently knew what he wanted to do with his money when in life, and it is also evident that he knew what he wanted done with the estate which he left. It would not be unreasonable to suppose that a man of his business acumen and ability was familiar with the Code section which prohibits trustees of trust funds from investing them in non-statutory securities; and yet we find him incorporating in item 7 of his will these words: "to sell any and all property belonging at any time to my estate, while the same remains unad-

ministered, or to the trusts hereby created, while the same remain unexecuted, either at public or private sale, upon such terms and at such prices as such executor and such trustee may determine upon, and to make investments according to its best judgment, *without obtaining any order of court authorizing it so to act."* We find it almost inconceivable to suppose that a man of the testator's standing and experience should include such words in his last will and testament unless he had full knowledge of just what they meant and what he *intended them to mean.* After knowing that the trustee whom he named had the necessary notice by which sales could be made, or other securities bought, without the waste of time necessary to obtaining a court order (which might mean considerable loss to the estate), we are of the opinion that the testator not only intended that his trustee should have implied authority, but gave express authority as to the management of his estate. The grant of the broad power as to investments included authority to retain investments made by the testator during his lifetime.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur, except Gilbert, J., disqualified.*