Matthias, J.
 

 It is disclosed by tbe record that tbe defendant is an incorporated building and loan association organized under the laws of this state. Its originally authorized capital stock was $500,000. Upon application from time to time, that amount has been increased until it reached $40,000,000, the same being divided into 400,000 shares of $100 each. For some time certificates were issued to subscribers of such stock, but since 1918, such stock has been issued only in the form known as running stock, evidenced by a pass book issued to the subscriber of such stock, showing deposits made in payment therefor. The amount of paid-up stock evidenced by certificates at one time was nearly $200,000, but it had been gradually called in and cancelled so that, at the time of the transaction involved in this case, there still remained only about $26,000 designated as paid-up stock evidenced by certificates. On December 1, 1928, plaintiffs tendered funds to a representative of the company, which were received on behalf of the company, at which time the plaintiffs signed a form of subscription card of so-called running stock of the defendant company, and in return received a pass book evidencing the same. The company’s representative had been fully apprised of the fact that the funds were held by plaintiffs as trustees of the W. J. Berry estate under administration in the Probate Court of Belmont county. It is not disclosed that any information was asked or given relative to their authority, either under the will or pursuant to court order. Dividends were earned and paid
 
 *57
 
 or credited as previously stated. Statements of assets and liabilities at the time of the transaction show such running stock of the association to have been in the aggregate approximately $36,000,000. The company was authorized to and did receive deposits within certain limitations. It is disclosed that all the owners of stock, whether paid-up or running stock, share pro rata in all earnings and, in the event of liquidation, in all assets remaining after payment in full of the accounts of depositors, which aggregated substantially $437,000.
 

 The action of the plaintiffs is based upon the claim that the purchase of stock in the defendant company was contrary to the provisions of the statute and unauthorized by the terms of the will creating the trust and conferring power upon the trustees, and not directed or sanctioned by the court having jurisdiction of the estate. The defendant contends that power conferred to “invest” authorizes the purchase of stock in a building and loan association. There need be no uncertainty as to the extent of authority as to the investment of such funds so far as affected or controlled by provisions of the statute. The authority conferred by law governing the investment of trust funds at the time of the transaction involved in this case is set forth in Section 11214, General Code, which is as follows:
 

 “When they have funds belonging to the trust which are to be invested, executors, administrators, guardians, including guardians of the estate of minors, and trustees, may invest them in bonds or certificates of indebtedness of this state, of the United States, or in the bonds or certificates of indebtedness of any county, city, village or school district in this state, on which default has never been made in the payment of interest, or in bonds issued by any bank organized under the provisions of the Act of Congress known as the Federal Farm Loan Act, approved July 17, 1916, and amendments thereto, or ip spch other securities as
 
 *58
 
 the court having control of the administration of the trust approves.”
 

 It clearly appears that the investment here in question is not among those enumerated in the statute. It is conceded that no order of the court having control of the administration of the trust was entered or sought covering the matter of the use, disposition or investment of the trust funds of the estate in question. It follows, therefore, that there was no such authority unless it was conferred by the terms of the will. It is essential to the validity of the investment in securities other than those enumerated in the statute or expressly approved by the court that authority therefor be found to have been conferred upon the trustees by the instrument creating the trust and enumerating the powers of those designated to administer the same. This proposition is quite generally approved by the authorities dealing with statutes of similar import. It should be here stated that
 
 McDonald, Admr.,
 
 v.
 
 Fulton, Supt. of Banks,
 
 125 Ohio St., 507, 182 N. E., 504, 83 A. L. R., 1107, and other cases involving the question of special deposits, and where the question of a wrongful deposit or investment was not in issue, have no application to this situation. Clearly, where a deposit is rightful, there is only the relation of debtor and creditor without preference. The rule adopted in the majority of jurisdictions is that in the absence of express authority granted by the instrument creating the trust or authority conferred on the fiduciary by court order or statute, a fiduciary has no power to invest the funds in the stock of a private corporation. 16 American and English Annotated Cases, 69. The cases there cited apply particularly to questions of investment in stocks of corporations.
 

 A careful inspection of the provisions of the will before us shows no greater power or authority conferred thereby respecting such funds than comprehended in the terms used therein directing that such
 
 *59
 
 funds “shall be held in trust and invested or placed at interest by my said executors, and the proceeds thereof paid annually to my devisees and legatees as directed herein * * V’ It is to be observed that in this provision no authority was conferred which could be construed to enlarge the authority with reference to the investment of such funds beyond the terms of the statute. There is nothing in this language which indicates the desire or purpose of the testator to remove from the trustees any of the restrictions imposed by statute. This observation is particularly in point because of other provisions in the same will, notably in Item Fifth, where a portion of the testator’s estate was devised and bequeathed to another son and it was therein directed that the same was to be held in trust by the trustee named “and to be invested as she may deem right and proper.”
 

 It is significant that as to the fund here in question authority of the trustees is not conferred in terms which indicate a desire or purpose of the testator to leave the manner of investment to the judgment and discretion of the trustees, and hence we have here no question as to whether the action of the trustees was within the limits of the discretion conferred. A rule of general application, as stated in 1 Perry on Trusts (7th Ed.), 774, Section 460, is as follows: “Where the trustee relies upon authority in the will to invest the estate in non legal securities he must establish such authority with the utmost clearness. If the directions are so general that they do not point to any particular class or classes of investments, the trustee must invest in those securities that are sanctioned by the court.”
 

 We have here but one question, and that is whether the application of the trust funds involved herein to the purchase of such stock was an unauthorized use or investment thereof, and if so whether by reason thereof the same became impressed with a trust in the hands of the defendant. The chief contention made
 
 *60
 
 on behalf of the defendant is that the provisions of Section 11214, General Code, are permissive in character and that other forms of investment are not thereby excluded and prohibited. This view does not take into consideration the provision following the investments enumerated in Section 11214, “or in such other securities as the court having control of the administration of the trust approves.”
 

 Undoubtedly where broad authority and discretion are clearly and expressly conferred by the instrument conferring trust power, the limitations imposed by the statute do not apply. That was the situation before the court in the case of
 
 Willis, Admr.,
 
 v.
 
 Braucher, Gdn.,
 
 79 Ohio St., 290, 87 N. E., 185, 44 L. R. A. (N. S.), 873, much relied upon by counsel for the defendant. As there held by the court, where the will involved confers upon the executor and trustee named the broad authority to sell property as in their judgment the interests of the estate require, and “reinvest the proceeds arising from any such sales in such manner as she or they may think best * * *,” such testamentary authority serves to extend the scope of the statute governing investments by trustees, and relieves them from the restrictions of said section. Referring to the language in that will, the opinion states: “By the clause quoted the trust reposed is most liberal.
 
 * *
 
 * We cannot conceive that this language imports a purpose to limit the power of the trustee to the ordinary powers incident to such trusts, or to confine his conduct as to investments within the narrow compass of the statute.” It was only by reason of the broad and liberal authority expressly conferred upon the trustee that the court held that “the provisions of the will extended the scope of the powers as to investments and thus took the case out of the operation ol the statute.” The section there referred to was 6413, Revised Statutes. Section 11214, General Code, ap
 
 *61
 
 plicable here, is substantially the same in terms, but enumerates additional authorized investments.
 

 For the reason that no such broad power and discretion are conferred upon the trustees in the instant case it is obvious that the
 
 Willis case
 
 does not support the contention of the defendant, but quite the contrary. We do not consider
 
 Smith et al., Trustees,
 
 v.
 
 Fuller et al., Assignees,
 
 86 Ohio St., 57, 99 N. E., 214, L. R. A., 1916C, 6, Ann. Cas., 1913D, 387, applicable here in the matter of the determination of the invalidity of the investment of trust funds, for that question, as above indicated, turns upon the construction of Section 11214, General Code. However, that case does designate the remedy available where an investment of trust funds is unauthorized by law, and therefore it is applicable in that respect to the situation presented by this record. Numerous authorities likewise hold that a wrongful application or investment of trust funds where the company receiving the funds has knowledge of their character takes the case out of the rule relative to preference, and hence the company takes the fund impressed with the trust.
 
 Board of Commrs. of Crawford County
 
 v.
 
 Strawn,
 
 157 F., 49, 15 L. R. A. (N. S.), 1100.
 
 Thompson, Admr.,
 
 v.
 
 Orchard State Bank,
 
 76 Colo., 20, 227 P., 827, 37 A. L. R., 115, where the rule is recognized but not applied because of the peculiar facts. The following cases are there cited and annotated:
 
 In re J. T. Knapp & Co.,
 
 101 Iowa, 488, 70 N. W., 626;
 
 Reeves
 
 v.
 
 Pierce,
 
 64 Kan., 502, 67 P., 1108;
 
 State
 
 v.
 
 American State Bank,
 
 108 Neb., 111, 187 N. W., 762;
 
 Officer, Admr.,
 
 v.
 
 Officer et al., Recrs.,
 
 120 Iowa, 389, 98 Am. St. Rep., 365, 94 N. W., 947;
 
 Clisby
 
 v.
 
 Mastin,
 
 150 Ala., 132, 124 Am. St. Rep., 64, 43 So., 742;
 
 Bradley, Admr.,
 
 v.
 
 Chesebrough et al., Assignees,
 
 111 Iowa, 126, 82 Ñ. W., 472. Under the facts disclosed by the record the defendant was affected with notice of the trust, and was put upon inquiry as to the authority conferred to enter upon the transaction in
 
 *62
 
 question.
 
 First National Bank of Paterson
 
 v.
 
 National Broadway Bank,
 
 156 N. Y., 459, 51 N. E., 398, 42 L. R. A., 139, and authorities there cited.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.