526

GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trusts Created under the Last Will and Testament of ELIZABETH WINSHIP BATES, Late of DeKalb County, Georgia, Deceased, Plaintiff, *v.* ANNE BATES LEACH, Formerly Known as ANNE BATES WALSH, and Others, Defendants.

Supreme Court, Special Term, New York County, June 21, 1938.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the plaintiff.

*John F. Keating,* guardian *ad litem* for the infant defendants, Elizabeth Winship Walsh and Emily Frances Leach.

CHURCH, J. This is an action brought by the Guaranty Trust Company of New York, as trustee of a trust created under the will of Elizabeth Winship Bates, deceased, who died a resident of Georgia, wherein her will was executed and probated. The complaint demands judgment judicially settling the account of the trustee and construing the will as to the validity and effect of the directions therein contained for the accumulation and capitalization of income and as to the investment powers of the trustee.

The account comprises the acts and proceedings of the trustee with respect to the personal property under the residuary clause of the will, transmitted to it after administration by the executor of the estate of the decedent in the State of Georgia. The account has been approved after examination by the adult party and by the guardian *ad litem* appointed by the Supreme Court in and for New York county for the infant parties. The account so approved is judicially allowed and settled.

The validity of the provisions of this will is to be determined by the laws of the State of Georgia, the domicile of the testatrix at her death. (Dec. Est. Law, § 47; *Cross* v. *United States Trust Co.,* 131 N. Y. 330; *Dammert* v. *Osborn,* 140 id. 30; *Loftin* v. *Kenan,*

250 App. Div. 546; affd., 276 N. Y. 615; see, also, *Shannon* v. *Irving Trust Co.*, 275 id. 95.) It has been established by the proofs that the law of the State of Georgia with respect to trusts for the accumulation of income is the common law of England as it existed in May, 1776. By that law testamentary provisions for the accumulation of income are valid provided they do not infringe upon the common law rule against perpetuities. (*Thellusson* v. *Woodford*, 4 Ves. Jr. 227; 31 Eng. Reprint, 117.)

The will of this testatrix directs that up to December 31, 1936, one-half of the net income of the trust herein accounted for should be paid to the daughter of the testatrix and that the remaining one-half, after small payments therefrom to the granddaughters of the testatrix, should be retained by the trustee and invested for the benefit of the two infant granddaughters named in the will. The will further directs that on December 31, 1936, the trust fund should be divided into four parts, that two of such parts should be retained in two trusts for the benefit of the two granddaughters, and that the income accumulated as of that date should be added in equal shares to each of such two parts. Thereafter small monthly payments are to be made to the granddaughters from each of such two parts and the balance of the income accumulated and added to the principal of each part until each of the granddaughters respectively attains the age of thirty years, at which time one-half of such part (including all accumulated income thereon) is to be delivered to each granddaughter outright. The remaining one-half is to be continued in trust until each of the granddaughters respectively attains the age of thirty-five years, at which time the remaining one-half of such part (including all accumulated income thereon) is to be delivered to each granddaughter outright. In the event of the death of either granddaughter before attaining the ages specified the will provides for outright gifts over. The period of the trusts is thus limited to lives in being at the date of the creation thereof, and the provisions for accumulation of income do not extend beyond that period. The common law of England as it existed in May, 1776, is the law of the State of Georgia. The will does not provide for accumulations beyond the common law period. The provisions of the will of the testatrix for the accumulation and capitalization of income are valid and effectual in accordance with their terms.

The will of the testatrix, in " Item Nine," after granting to the trustee a full and unrestricted power of sale (in addition to a power to retain investments originally received which is granted by the codicil), provides as follows: " I further give and grant unto my said Trustee full and complete power and authority to invest the

proceeds of such sale which may be made by it, or funds derived from any other sources, in any other property, either real or personal, that it may think best."

The court determines that the provisions of the will and codicil authorize the trustee to retain investments originally received, and to invest and reinvest both the principal and accumulated income of the trust funds in such investments as it may think best, without regard to whether or not the same are authorized by the laws of the State of Georgia or the State of New York for the investment of trust funds. It appears from the testimony of the expert on the law that such language was used to express such intention and that the language has such effect under the laws of the State of Georgia, wherein the will was made and executed and wherein the testatrix resided at the time of the execution of the will and at her death. (*Armistead* v. *Trust Company of Georgia*, 180 Ga. 148; 177 S. E. 787.) Viewing the question as one of trust administration to be determined by the laws of the State of New York (*Matter of Vanneck*, 158 Misc. 704), the determination would be the same. (*Lawton* v. *Lawton*, 35 App. Div. 389; *Matter of Hall*, 164 N. Y. 196; *Matter of Maloney*, 120 Misc. 456; *Matter of Clark*, 165 id. 801.) Moreover, the authorization to invest in real as well as personal property by its terms excludes the statutory limitation upon investments both in the State of Georgia and in this State.

Settle decision and judgment.