Hale Estate.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wesley H. Caldwell,* with him *Francis A. McCarron,* for appellant.

*Charles Myers,* with him *Barnes, Dechert, Price & Smith,* for appellee.

OPINION BY MR. JUSTICE DREW, May 12, 1943:

Testator directed that the residue of his estate "be invested in a Trust Fund in good sound securities and the

interest thereof be paid [etc.] . . ." Girard Trust Company, the trustee, invested $6,000 in a portion of a $2,-000,000 bond and mortgage given to it as trustee for sundry trusts by a New Jersey corporation. The mortgage covered the Hotel Dennis in Atlantic City. To the trustee's account crediting itself with this investment, the residuary legatees filed exceptions, which were dismissed by the auditing judge. An evenly divided court en banc affirmed, and these appeals followed.

The mortgage being upon real estate outside the Commonwealth, it was concededly not within the class of investments which section 41(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, makes "legal" for trust purposes. The sole question then for our determination is whether the terms of the will authorized the trustee to purchase other than legal securities, appellants admitting that the investment was proper if non-legals were permitted.

It is well settled that the power to invest in non-legals must not rest upon equivocal words or upon conjecture, but must clearly appear. The presumption is against the existence of such power; and all doubts are resolved against the party asserting it: *Taylor's Estate*, 277 Pa. 518; Restatement of Trusts, §227(b). The intention of the statute in definitely setting up a class of legal investments for trust funds was to provide all possible security for beneficiaries; and, to remove all occasion for misunderstanding, the Fiduciaries Act precisely enumerates the types of securities which the legislature considered safe and good. The testator in the instant case specified "good sound securities". It seems to us that it would be a shocking interpretation of his intention and his language to hold that he meant something *less* sound than what the law regards as sound. While his words were not necessary to accomplish the intended result, there is nothing to show he knew that, and the words are the usual expression of a conservative investor. We cannot place upon them an interpretation

opposite from their natural import simply to avoid construing them as surplusage. Even if testator knew it was not necessary to so direct his trustee, he may have done so out of an abundance of caution. Although there are many non-legal stocks and bonds which in common parlance are termed sound, in view of the legislative declaration of what shall be regarded as sound we would resolve any ambiguity which might be thought to exist in his expression by holding that legal securities were intended, under the principle of *Taylor's Estate*, supra. In *Hemphill's Appeal*, 18 Pa. 303, where $50,000 was placed "on good security", we held that the trustees who had invested in common stock of the Bank of the United States were liable for the loss when the bank failed, on the ground that the stock was not of the kind then considered permissible for trust funds.*

The learned auditing judge was also of the opinion that this investment was improper and that the trustee should be surcharged, but concluded that prior decisions had been modified or overruled in *Greenawalt's Estate*, 343 Pa. 413, and *McGraw's Estate*, 337 Pa. 93. In the latter case we held that the word "securities" as there used by the testator included common stocks. We did not mean to give the impression that it may always be so interpreted. The will there directed the trustees to invest "in such securities as in their judgment are safe and proper, without restrictions as to those designated as 'legal investments.'" Our holding was that "securities" included common stocks when used with reference to non-legals. To the same effect is *Wood's Estate*, 130 Pa. Superior Ct. 397. In *Greenawalt's Estate*, supra, the

---

* In *Garrettson's Estate*, 23 Dist. 346, Judge GEST of the Orphans' Court of Philadelphia County held that a direction to invest "in good secure manner" meant in legals. The provision in testator's will in *Plate's Estate*, 30 Dist. 902, that the fund be invested "in good securities" was interpreted to mean in legals. To the same effect is *Curran's Estate*, 17 D. & C. 435 (affirmed, but on another point, in 312 Pa. 416).

extensive discretionary power given to the trustees was interpreted to permit investment in non-legals. This was in accord with the general rule: *Detre's Estate,* 273 Pa. 341; Scott on Trusts, §227.14. The will now before us does not give the trustee any discretion in the matter of investments, for which reason the *Greenawalt* decision is entirely inapplicable.

We conclude that by the use of the words "good sound securities" testator clearly intended investments in legal securities, and that since the trustee committed a breach of its fiduciary duty in making the questioned investment, it must restore in cash the amount improperly used in the purchase of the New Jersey mortgage participation.

Decree reversed and record remitted to the court below for the entry of a decree consonant with this opinion.