## Carr Estate.

Argued December 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Eric A. McCouch,* with him *J. Horace Churchman* and *Raymond K. Denworth* and *Drinker, Biddle & Reath,* for appellants.

*William C. Ferguson, Jr.,* with him *Paul Van Reed Miller* and *Strong, Sullivan, Saylor & Ferguson,* for appellee.

*Raymond M. Remick, Thomas Stokes, Boyd Lee Spahr,* for Corporate Fiduciaries Association of Philadelphia, filed a brief under Rule 61.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 6, 1947:

The question is whether the will conferred upon the executors and trustees a discretionary power to invest in and retain non-legal securities. The words to be construed are: "I invest my Executors and Trustees with full power, authority and discretion as to the purchase, sale and investment of all principal of my estate."

The learned auditing judge decided that no discretion was granted. He ruled that the clause was equivocal in meaning and hence no such power existed. The account was that of the executor. The residuary balance was awarded to the trustees. The balance included non-legals to the extent of approximately $200,000. Apparently all securities had been decedent owned. No loss had been incurred to the date of the accounting. No surcharge was sought or decreed. The ruling excepted to is: "If the Executor as trustee takes over in kind the investments as set forth in the account, he is directed to dispose of the non-legals within a reasonable time, and to make investments in conformity with the will as here construed." That, in substance, is a direction to convert.

The general rule as to permissive investment by a fiduciary in non-legals is well settled. Mr. Justice WALLING in *Detre's Estate*, 273 Pa. 341, 345, 117 A. 54, accurately states the rule in these words: "Where, . . . a trustee is clothed with discretionary powers as to investments and reinvestments, neither the state constitutional provision as to trust funds, nor the rule as to legal investments, applies: Barker's Estate, 159 Pa. 518; Cridland's Estate, 132 Pa. 479, 484." See: *Greenawalt's Estate*, 343 Pa. 413, 21 A. 2d 890; *Hale Estate*, 347 Pa. 177, 180, 32 A. 2d 20; Scott on Trusts, section 227.14.

In *Hale Estate*, supra, Mr. Justice DREW said (p. 178) : "It is well settled that the power to invest in non-legals must not rest upon equivocal words or upon conjecture, but must clearly appear. The presumption is against the existence of such power, and all doubts are

resolved against the party asserting it: Taylor's Estate, 277 Pa. 518; Restatement of Trusts, §227 (b). . . ."

We have compared the language in this will with that of the wills in the cited cases. In *Detre's Estate*, supra, the words were (p. 344) : to invest *"in such securities as to him may seem best without responsibility as to the exercise of his discretion in so doing."* In *Greenawalt's Estate*, supra, the language was (p. 415) :*". . . to reinvest . . . in . . . such securities as may be for the best interests of my estate."*

There would appear to be little, if any, difference in the expression of testator's intent in these cases concerning the grant of discretion to fiduciaries from the language employed in the present case. Here the words are: *"I invest my Executors and Trustees with full power, authority and discretion as to the purchase, sale and investment of all principal of my estate."*

In *Hale Estate*, supra, the words were (p. 177) : to *"be invested . . . in good sound securities."* This language was held by this Court to be equivocal and not to give the trustee any discretion in the matter of investments. Mr. Justice DREW, in discussing *Greenawalt's Estate*, supra, and *Detre's Estate*, supra, said (p. 179) : "In Greenawalt's Estate, supra, the extensive discretionary power given to the trustees was interpreted to permit investment in non-legals. This was in accord with the general rule: Detre's Estate, 273 Pa. 341; Scott on Trusts, §227.14. . . ."

Judge LADNER, the learned auditing judge, distinguishes the words in *Detre's Estate*, supra, from the language here employed. He said that in the *Detre* case there was included an exemption from liability resulting from the exercise of discretion. We cannot adopt such a distinction. If discretion be conferred, it follows that liability could not attach for doing what was authorized. The learned auditing judge analyzed the language and ruled that it was equivocal. He said that

grant of discretion was susceptible of different meanings; it "may have meant determination (a) *whether* to buy or sell, or (b) *when* to buy or sell and not *necessarily* (c) *what* to buy or sell" (italics ours). We cannot adopt the distinction. If the fiduciaries were given the power to buy, sell and *invest,* it necessarily follows that such discretion extends to and includes *what* securities are to be bought, sold, invested in, or retained. If the fiduciaries were held to be limited merely to the *purchase* and *sale* of legal investments, the words of the clause would be superfluous. The fiduciaries already possessed that authority under the law.

We think the language clearly clothes the fiduciaries with discretionary power to invest in and retain non-legal securities. This case is ruled by *Detre's Estate,* supra, and *Greenawalt's Estate,* supra.

The decree is reversed. Costs to be paid by the appellee.