VACHA, TRUSTEE, PLAINTIFF, *v.* VACHA ET., DEFENDANTS.

Probate Court, Cuyahoga County.

No. 606228.   Decided December 29, 1961.

*Mr. Theodore J. Pethia*, for plaintiff.

ANDREWS, Chief Referee. By Item 1 of her will, testatrix devised a designated parcel of real property in trust to her nephew, Richard J. Vacha, "for and upon the following purposes and conditions":

a. He shall hold, manage, lease and care for said property and collect the income therefrom all in accordance with his best judgment and discretion. He is also hereby fully authorized to invest such part of said Trust as may from time to time be converted in cash. He is given full power to sell or convey any trust property and any reinvestment thereof, from time to time.

The trustee, Richard J. Vacha, has sold the property, and asks for a construction of Item 1a to determine whether or not he is limited in his authority to invest the funds of the trust by Sections 2109.37 and 2109.371, Revised Code. In the language of the petition, he is in doubt as to whether Item 1a "authorizes and empowers him * * * to make investments * * * in kinds, classes, categories, or amounts outside of, in addition to, in excess of, and without regard to, the kinds, classes, categories, and limitations of and upon investments provided for in Sections 2109.37 and 2109.371, Revised Code * * *"

It is plaintiff's belief that Item 1a gives him that authority.

Section 2109.37, Revised Code provides as follows:

Except as otherwise provided by law *or by the instrument creating the trust*, a fiduciary having funds belonging to a trust which are to be invested may invest them in the following: (Emphasis mine.)

There follows a list of authorized investments. Then:

No administrator or executor may invest funds belonging to the estate except with the approval of the court or with the permission of the instruments creating the trust.

It is noteworthy that the above clause is limited to administrators and executors, and does not include trustees. This limitation is especially significant by reason of the fact that at one time approval by the court was required for all fiduciaries. See Section 10506-41, General Code, as amended in 1933 by 115 Ohio Laws, 396, 397. Thus, under Section 2109.37, Revised Code, approval by the court is not in general required of trustees, although there are two subsections of the statute which specifically require it.

In view of Section 2109.37, Revised Code, if a will contains nothing relating to the authority of the trustee to invest, he is limited to the provisions of Section 2109.37, Revised Code "except as otherwise provided by law."

Although the section states that the fiduciary "*may* invest" the funds in accordance with the categories listed, the Supreme Court has held that the statute is mandatory. *Home Savings & Loan Co.* v. *Strain*, 130 Ohio St., 53, 196 N. E., 770 (1935). That is to say, it is mandatory "except as otherwise provided by law or by the instrument creating the trust."

In 1953, Section 2109.371, Revised Code, was enacted, adding to the list of authorized investments. The statute provides:

In addition to those investments made eligible by Section 2109.37, Revised Code, investments may be made by a fiduciary, * * * subject to the restriction placed on an administrator or executor by Section 2109.37, Revised Code, in the following kinds and classes of securities, provided the same may be lawfully sold in Ohio and investment is made only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and the preservation of their capital; * * *

In general, and without going into detail, the list includes

bonds and shares of stock of corporations, securities of investment companies and investment trusts, and certain government and municipal bonds not eligible under Section 2109.37, Revised Code. No investment is to be made under Section 2109.371, Revised Code, which, at the time made, will cause the aggregate market value of the investments not made eligible by Section 2109.37, Revised Code, to exceed thirty-five per cent of the aggregate market value of the fund. In the comment to the section it is pointed out that testamentary trustees may make investments under this section without court authority.

Does Item 1a of the will authorize and empower the trustee "to make investments * * * in kinds, classes, categories, or amounts outside of, in addition to, in excess of, and without regard to, the kinds, classes, categories, and limitations" contained in the two statutes?

Plaintiff does not contend that the trustee is free from the "prudent man" requirement of Section 2109.371, Revised Code, nor from the basic obligations of good faith, ordinary care, and the like with respect to investments. There is nothing in the will indicating any intention of relieving him from such obligations, if, indeed, a will could do so. The fact that a will gives complete investment discretion to a trustee does not so relieve him. See, for example, *In re Day's Estate*, 183 Mass., 499, 67 N. E., 604 (1903); *Fox* v. *Harris*, 141 Md., 495, 119 Atl., 256 (1922); 78 A. L. R. (2d), 7, 42 (1961).

Rather, plaintiff wants to know whether he may invest in categories outside those listed in the statutes, and whether he is subject to the thirty-five per cent limit and any other limits contained in either statute.

Let us look again at Item 1a of the will. It provides:

He shall hold, manage, lease and care for said property and collect the income therefrom all in accordance with his best judgment and discretion. He is also hereby fully authorized to invest such part of said Trust as may from time to time be converted in cash. He is given full power to sell or convey any trust property and any reinvestment thereof, from time to time.

As might be expected, there appears to be no Ohio case in which the wording of the pertinent clause of the will is exactly like that in the present case. Nor have any such cases been

538

found from other jurisdictions. However, two decisions of the Ohio Supreme Court are most helpful as guideposts.

In *Home Savings & Loan Co.* v. *Strain*, 130 Ohio St., 53, 196 N. E., 770 (1935), the will provided that a certain fund "shall be held in trust and invested or placed at interest by my said executors." The executors deposited the funds in a savings and loan company in a purchase of running stock of the company. Such an investment was not authorized under the then statute, Section 11214, General Code. The court held that by the quoted provision,

* * * no authority was conferred which could be construed to enlarge the authority with reference to the investment of such funds beyond the terms of the statute. There is nothing in this language which indicates the desire or purpose of the testator to remove from the trustees any of the restrictions imposed by statute * * *

It is significant that as to the fund here in question authority of the trustees is not conferred in terms which indicate a desire or purpose of the testator to leave the manner of investment to the judgment and discretion of the trustees, and hence we have here no question as to whether the action of the trustees was within the limits of the discretion conferred.

In a subsequent part of the opinion the court said:

Undoubtedly where broad authority and discretion are clearly and expressly conferred by the instrument conferring the trust power, the limitations imposed by the statute do not apply.

As an example of the situation referred to in the last quoted passage, the court cited *Willis* v. *Braucher*, 79 Ohio St., 290, 87 N. E., 185 (1909), to be considered hereinafter, and said that no such broad power and discretion were conferred in the case before it.

Incidentally, the court in the *Home Savings case* contrasted the clause before it with another clause in the same will, by which another portion of the estate was devised and bequeathed to a trustee, "to be invested as she may deem right and proper"; and the court clearly implied that this latter clause would authorize the trustee to invest beyond the statutory limitations.

The clause in *Willis* v. *Braucher, supra,* gave to the trus-

tee title to all the testator's property and authorized the trustee and successors,

* * * whenever in her or their judgment the interests of my estate shall demand, to sell at private sale or otherwise, all or any part of my personal estate in such manner and upon such terms as may be deemed best * * *, and reinvest the proceeds arising from any such sales in such manner as she or they may think best, to dispose of any property, real or personal, so acquired and reinvest the proceeds in the same manner.

The court held that the above provision relieved the trustee from the requirements of the statute, then Section 6413, Revised Statutes. Said the court:

We cannot conceive that this language imports a purpose to limit the power of the trustee to the ordinary powers incident to such trusts, or to confine his conduct as to investments within the narrow compass of the statute. On the contrary it lodges with the trustee the most ample authority not only to sell the property in such manner as his judgment should dictate, but to invest and re-invest the proceeds in any manner to such trustee deemed best. Can it be possible that the testator intended or expected that the trustee would be governed by any statute inconsistent with the expressed purpose of the will? We think not. Had that been the intent no provision such as is found would have been necessary.

The basic difference between the clauses in the two cases should be stressed. Nothing in the first clause in *Home Savings & Loan Co.* v. *Strain* could by any stretch of the imagination be considered as giving any discretion as to the investments to be made. It merely directed that the fund "shall be held in trust and invested or placed at interest." It was in the nature of a direction to the fiduciaries not to keep the funds idle. If it be argued that since Section 2109.42, Revised Code, requires this anyhow, the provision is meaningless unless interpreted as giving the trustees discretion to invest beyond the statute, the answer is that such an interpretation would do too much violence to the language used.

In contrast, the clause in *Willis* v. *Braucher* gave the trustee authority "to reinvest the proceeds * * * in such manner as she * * * may think best * * *." This is similar to the second

clause in the *Home Savings case,* "to be invested as she may deem right and proper," which clause the court indicated grants authority to go beyond the statutory limitations.

Thus, the test in Ohio appears to be whether or not the words used reveal an intention on the part of the testator to endow the trustee with discretionary power in making investments. If such discretionary power appears from the will, it is interpreted as permitting a discretion to go beyond the confines of the statutes, rather than a mere discretion to choose among the types of investment enumerated in the statutes. The Ohio position on this point is the preferable view in the opinion of Bogert, *Trusts and Trustees,* section 682 (2d ed., 1960). He points out that a grant of discretion to choose among statutory legal investments is a useless formality, as the trustee has that power anyhow, and that if the settlor (in our case the testatrix) goes to the trouble of mentioning discretion, he must mean to add to the trustee's normal powers. See also the excellent annotation in 78 A. L. R. (2d) 7 (1961), especially page 24 *et seq.* There is no need to burden this opinion with the citation of many authorities. The following cases exemplify the rule adopted by the Ohio Supreme Court that if the trustee is given discretion as to investing, he may invest in "nonlegals," i. e., securities not included in the statutory authorization, unless, of course the discretion itself is restricted by the will. *Armistead* v. *Trust Co. of Georgia,* 180 Ga., 148, 177 S. E., 787 (1935) (full and complete power and authority to make investments according to its best judgment); *Merchants' Loan & Trust Co.* v. *Northern Trust Co.,* 250 Ill., 86, 95 N. E., 59 (1911) (authority to invest and reinvest in trustees' discretion); *Fox* v. *Harris,* 141 Md., 495, 119 Atl., 256 (1922) (full power to sell property and to invest and reinvest proceeds in good, safe securities); *Re Carr's Estate,* 355 Pa., 438, 50 A. (2d), 330 (1947) (full power, authority and discretion as to purchase, sale and investment); *In re Allis' Estate,* 123 Wis., 223, 101 N. W., 365 (1904) (full power and authority in their discretion to invest). *Contra:* *Brown* v. *Brown,* 72 N. J. Eq., 667, 65 Atl., 739 (1907) (in which the opinion writer seemed unhappy, but felt bound by local precedent).

In line with *Home Savings & Loan Co.* v. *Strain,* 130 Ohio

St., 53, 196 N. E., 770 (1935), a mere direction to invest a trust fund does not confer authority to invest in nonlegals. 78 A. L. R. (2d), 7, 33 (1961).

When we consider Item 1a in the light of the authorities, the answer to the question posed falls smoothly into place. To avoid going back over this opinion, let us look once more at Item 1a.

He shall hold, manage, lease and care for said property and collect the income therefrom all in accordance with his best judgment and discretion. He is also hereby fully authorized to invest such part of said Trust as may from time to time be converted in cash. He is given full power to sell or convey any trust property and any reinvestment thereof, from time to time.

The phrase "fully authorized to invest" manifests an intention on the part of the testatrix that the trustee shall have full authority with reference to the matter of investing. The word "fully" is defined in *Webster's New Collegiate Dictionary* (1953) as "entirely; completely; to the utmost extent." If you give a person *full authority* to invest, it would be rather incongruous to say that such authority is limited to investments permitted by statute. That would not be *full authority* at all, and would be completely inconsistent with the authority expressly given.

Other parts of Item 1a bolster the view that the trustee's authority to invest goes beyond the statutory restrictions. The item provides that he "shall * * * manage * * * and care for said property * * * in accordance with his best judgment and discretion," and he is given "full power to sell or convey any trust property and any reinvestment thereof from time to time." The phrase "also fully authorized to invest" immediately follows the phrase dealing with the management of the property "in accordance with his best judgment and discretion." The connecting word "also" conveys the idea that his full authority to invest is likewise related to his best judgment and discretion and not restricted by statutory limitations. Moreover, the trustee was the nephew of the decedent, and the beneficiary of the trust is the trustee's son and the decedent's godson. It is apparent that the decedent wished to give the plaintiff free

rein in the handling of the property and in the investment of funds coming into his hands.

*Conclusion of Law*

Item 1a of the will authorizes and empowers plaintiff, as trustee of the trust created by Item 1, to invest any funds of the trust estate, whether principal or income, without regard to the limitations in kind, class, category, or amount contained in Sections 2109.37 and 2109.371, Revised Code.